**WOODARD et al. v. WILKINSON et al.**

No. 2356.

Court of Civil Appeals of Texas. Eastland.

May 14, 1943.

Baker & Baker, of Coleman, for appellants.

W. Marcus Weatherred, of Coleman, for appellees.

GRISSOM, Justice.

E. W. Woodard and Thad Odell Woodard, a minor, by his next friend, O. D. Bull, sued C. C. Wilkinson and others for damages suffered by Thad Odell Woodard as a result of having his thumb torn from his hand while employed in the Wilkinson mill, owned by some of the defendants. The jury answered only issues 2, 4 and 8. Those questions and the answers thereto were as follows:

"2. Do you find from a preponderance of the evidence that it was negligence on the part of the defendant, C. C. Wilkinson, in placing Thad Odell Woodard at work in and around the milling machinery? No."

"4. Do you find from a preponderance of the evidence that it was negligence on the part of Emmet Blanton to permit said Thad Odell Woodard to go in and around the place where he was injured? No."

"8. Do you find from a preponderance of the evidence that it was negligence on the part of Thad Odell Woodard to take hold of the belt that was thrown over the revolving shaft and pull down on same? No."

The Court rendered judgment for defendants based on said verdict. Plaintiffs have appealed.

The only grounds of negligence relied upon by the plaintiffs, or submitted, or requested to be submitted, were those mentioned in issues 2 and 4. Blanton was the minor's foreman and agent for the mill owners. Before plaintiffs could recover damages from the defendants, it was, of course, incumbent upon plaintiffs to either prove conclusively or obtain findings that the defendants, or their agent, were guilty of negligence, and that such negligence was the proximate cause of Thad Odell Woodard's injuries. Plaintiffs do not contend that those issues are established as a matter of law. In the absence of such finding plaintiffs could not recover.

Plaintiffs insist that the court should have granted their motion for a mistrial and should not have rendered judgment upon the verdict, because, they say, there is an irreconcilable conflict between the answers to issues 2 and 4 and the answer to issue 8. There is no conflict between findings that neither defendants nor their agent were guilty of negligence in the respect inquired about in issues 2 and 4, and the answer that the minor plaintiff was not guilty of negligence in taking hold of the belt and pulling down on it. Texas & P. R. Co. v. Edwards, Tex.Com.App., 36 S.W.2d 477, 480; Whitson v. Nickols, Tex.Com.App., 12 S.W.2d 556; Martinez v. Medina Valley Irr. Co., Tex.Civ.App., 171 S.W. 1035, writ refused; Dallas Ry. & Terminal Co. v. Starling, 130 Tex. 379, 383, 110 S.W.2d 557; Galveston H. & S. A. R. Co. v. Gormley, Tex.Civ.App., 35 S.W. 488, 489; Howard v. Howard, Tex.Civ.App., 102 S.W.2d 473, 475, writ refused. Under the test laid down in Howard v. Howard there is no irreconcilable conflict. No jury answer called for a judgment for plaintiff. In the absence of such a conflict the answers to issues 2 and 4 compelled a judgment for defendant. The answer to issue 8 exonerated the minor of a charge of contributory negligence in the respect inquired about therein. Absence of contributory negligence does not authorize a judgment for plaintiff and such a finding is not in conflict with a finding that defendants were also not negligent. Texas & P. R. Co. v. Edwards, supra.

Plaintiffs contend that since the evidence conclusively shows Thad Odell Woodard was 16 years of age and employed in a mill, his employment was in violation of the Penal Code, and defendants were guilty of negligence per se; that the court, therefore, should have refused to accept the answer of the jury to special issue No. 2, that defendants were not negligent in placing the minor around the machinery. Art. 1573, P.C., Vernon's Ann. P.C. art. 1573, prohibits the employment of a child "under the age of fifteen years to labor in or about any factory, mill," etc. This statutory prohibition against the employment of a child under the age of 15 years, of course, has no application to the 16 year old plaintiff, but, he contends, his employment is prohibited under Art. 1577, P.C. Vernon's Ann.P.C. art. 1577, provides the requirements for a permit by the county judge for employment of a child between 12 and 15 years of age. Plaintiffs quote from the conclusion of said article, as follows: "Nothing in this Act shall prevent the working of school children of any age

from June 1 to September 1 of each year *except that they shall not be permitted to work in factory, mill, workshop, and the places mentioned in Sections 2 and 5 of this Act * * *."* Plaintiffs seem to rely upon the italicized portion of the quotation. We think this provision can have no application to the 16 year old plaintiff. The only specific prohibition in Chapter 4, Title 18, P.C., as to the place where a child of the age of the minor plaintiff may be employed is contained in Art. 1574, P.C. Vernon's Ann.P.C. art. 1574. This article does not prohibit employment in a "mill".

Plaintiffs say the court erred in not pointing out to the jury the conflicting findings and requiring them to retire for further deliberations, as required by Texas Rules of Civil Procedure, rule 295. Since we have held there is no conflict in the findings, this point is overruled.

We have given careful consideration to all authorities cited by plaintiffs and to all their contentions. They are deemed without merit and are overruled.

The judgment is affirmed.