## MORGAN et al. v. EMPIRE SOUTHERN GAS CO.

### No. 2824.

Court of Civil Appeals of Texas. Eastland.
Nov. 3, 1950.

First Rehearing Denied Jan. 12, 1951.

Second Rehearing Denied Feb. 9, 1951.

---

Callaway Huffaker, Tahoka, E. J. Green, Ft. Worth, for appellants.

Turner & Seaberry, Eastland, James Little, Big Spring, for appellee.

LONG, Justice.

Plaintiff, Garland Edward Morgan, instituted this suit against defendant, Empire Southern Gas Company, for damages for personal injuries alleged to have been sustained by him in Coleman County on September 8, 1948, when a bulldozer he was operating plowed into a gas line, owned and operated by defendant, running across the Taylor Ranch. At the time he sustained his injuries defendant was working for H. M. White, an independent contractor, who was building spreader dams for the Taylors on their ranch. Plaintiff alleged several specific acts of negligence on the part of defendant, (a) that defendant was a trespasser upon the premises and had no easement or right to operate a pipe line across the ranch; (b) that defendant permitted the right-of-way to become grown up with brush and trees; (c) that appellee failed to erect road signs showing the location of the pipe line; (d) that defendant failed to bury its pipe line to a reasonable depth; (e) that defendant failed to inspect its line and buried its pipe line to a depth of less than 20 inches in contravention of art. 1497, Revised Civil Statutes.

Texas Employers' Insurance Association intervened in the cause, alleging that it had issued a Workman's Compensation insurance policy and had paid plaintiff as compensation for his injury the sum of $7,874.94 and prayed for recovery of this sum, plus $2,500 attorney's fees.

Defendant answered that it built and operated the gas line across the Taylor Ranch under and by virtue of an easement and right-of-way deed executed by the then owner of the ranch on April 24, 1929, which was duly filed for record and subsequently assigned to defendant by transfer duly recorded; that the pipe line was laid pursuant to the terms of the right-of-way deed under which the only obligation resting upon appellee was to bury said line to a reasonable depth below the surface of the ground and that this was fully complied with. Defendant further pled that plaintiff was guilty of contributory negligence in several respects and that the owners of the ranch were guilty of negligence in failing to advise plaintiff of the existence of the line. The jury, in response to special issues, found that defendant did not permit its right-of-way, where the accident occurred, to become grown up with brush and trees; that appellee failed to erect markers where the line crossed the public road to the northeast, which failure was negligence, but was not a proximate cause of the accident; that defendant failed to erect road signs where the line crossed the road to the southwest, which failure was negligence but was not a proximate cause of the accident; that appellee's gas line at the place of the accident was buried at a reasonable depth; that the place of said accident was improved land; that defendant's failure to have its pipe line buried at a depth greater than 20 inches at the place of the accident was not a proximate cause of the accident; that the owners of the Taylor Ranch knew of the existence of the pipe line and failed to notify plaintiff or White; that such fail-

ure was negligence and a proximate cause of the accident; that plaintiff's injuries were not the result of an unavoidable accident; that defendant's pipe line on the date of the accident was buried and maintained at a reasonable depth below the surface of the ground; that on the occasion in question and, under all the circumstances existing, defendant used ordinary care in building, maintaining and operating its pipe line.

Based upon the above findings, the court entered judgment that plaintiff and intervenor recover nothing from defendant. From this judgment, plaintiff has appealed.

 Plaintiff presented evidence that the right-of-way where the pipe line was located had grown up in brush and trees. The defendant offered evidence to the contrary. Plaintiff attempted to prove that after the accident defendant caused the right-of-way to be cleared and certain brush and trees removed therefrom. The court sustained defendant's objection thereto and refused to permit plaintiff to make this proof. Plaintiff contends that this evidence is admissible and that the court erred in refusing to admit it.

Assuming, without deciding that the evidence should have been admitted, we have concluded that reversible error is not shown. It is our opinion that an affirmative answer to special issue No. 1, inquiring as to whether defendant allowed its right-of-way to grow up in brush and trees, could not be the basis of a judgment against defendant.

Defendant obtained its right-of-way deed in 1929 and shortly thereafter built the pipe line in question. Plaintiff was not a party in any way to this transaction. Defendant owed no duty to plaintiff to keep its right-of-way clear of brush and trees. To constitute negligence, there must be a disregard of some duty arising either by implication of law or created by statute. There is no statutory requirement that defendant keep its right-of-way clear of brush and trees. The pipe line was constructed by defendant for its exclusive use and advantage under a grant from the owner of the land. Any one entering upon the premises or in-

terfering with defendant's lines would have been a trespasser unless introduced upon the land by the owner or given permission by defendant.

The owners of the land desired to construct what is known as spreader dams thereon. To accomplish this purpose, they entered into a contract with H. M. White, who employed plaintiff to operate a bulldozer in the construction of said dams. Plaintiff thereupon entered upon the premises with this machinery as a licensee or an invitee of the owner. The company had no knowledge that the spreader dams were to be constructed on the ranch. Without such knowledge, it had no duty to warn plaintiff that the gas line was located where the spreader dams were to be constructed. In fact, it could not give such warning because it had no knowledge that the construction was to take place. Until the company had notice that the dams were to be constructed it has no duty to mark the place where its pipe line was located so as to indicate its exact location. Had the owner of the ranch undertaken the work of building the spreader dams on their own account by their own workmen and their own machinery, without notice to the defendant and the accident had occurred, it could not be contended that defendant would have been liable for the loss. In other words, plaintiff, so far as his rights are concerned, stood in the same shoes as the owners of the ranch and cannot recover against defendant under the facts presented in this case. Clement v. United States Pipe Line Co., 253 Pa. 187, 97 A. 1070. What has been said applies with equal force to the issues concerning the failure of defendant to place warning signs at the place where the pipe line crossed the road.

 Plaintiff asserts the court erred in instructing the jury that there was a conflict in its answers to issues Nos. 11 and 73. Issue No. 11 inquired whether the failure of defendant to have the pipe line buried at a greater depth than 20 inches was a proximate cause of the accident. The jury originally answered this issue "Yes." Special issue No. 73 inquired whether defend-

ant used ordinary care in building, maintaining and operating its pipe line. The jury answered this issue "Yes." Whereupon, the court instructed the jury that there was a conflict in its answers to the above issues and to endeavor to reconcile such conflict. The jury retired and upon further deliberation, answered issue No. 11 "No."

Assuming, without deciding that there is not a conflict in the findings, we have concluded that reversible error is not shown. Special issue No. 11 and the jury's answer thereto is immaterial. The jury, in answer to special issue No. 10, found that the place where the accident occurred was improved land. There is no evidence in the record that it was improved land where the accident occurred. The evidence is all to the contrary. Plaintiff alleged that defendant violated art. 1497, Revised Civil Statutes, in failing to bury its pipe line at a greater depth than 20 inches. Said Article is a condemnation statute and we are of the opinion that same does not apply in this case. Defendant built and operated its pipe line under and by virtue of an easement executed by the then owners of the land. There is nothing in the easement contract that requires defendant to bury its pipe line at a greater depth than 20 inches. Defendant owed no duty to plaintiff to bury its line at any certain depth. Furthermore, if the statute does apply, it is undisputed that at the time the pipe line was constructed in 1929 the land was unimproved. Art. 1497 provides that where a pipe line is laid under and along uncultivated or unimproved land and such lands shall thereafter become cultivated or improved such lines shall be buried as provided for cultivated lands within a reasonable time after notice by the owner of such land or his agent. There is no proof that the land was put in cultivation after the line was constructed. If it had thereafter become cultivated or improved land, the duty rested upon the owners of the land to notify the defendant of such fact. There is no proof of this notice in the record. We are of the opinion that special issue No. 11 could not have been the basis of a judgment

in favor of plaintiff and any conflict existing between the answer thereto and the answer to special issue No. 73 is immaterial.

■ By other points, plaintiff contends there is a conflict between the answers of the jury to special issue No. 1 and to issues inquiring whether plaintiff was guilty of contributory negligence. The jury found in answer to special issue No. 1 that defendant had not permitted the right-of-way to become grown up in brush and trees to such an extent that its location across the Taylor Ranch could not be detected. The jury, in answering other issues, found that plaintiff was not negligent in plowing into the pipe line; that the failure of plaintiff to observe the right-of-way was not negligence; that plaintiff did not fail to keep a proper lookout for the pipe line, and found all issues of alleged contributory negligence in favor of plaintiff. We are of the opinion there is no conflict between these findings. The findings that plaintiff was not negligent does not authorize a judgment in his favor and such a finding is not in conflict with the finding that defendant was, also, not negligent. Woodard v. Wilkinson, Tex. Civ.App., 173 S.W.2d 222. Furthermore, if there is a conflict in the findings, such fact becomes immaterial for the reason that an answer to special issue No. 1 could not be the basis of a judgment in favor of plaintiff.

■■ By other points, plaintiff contended the trial court erred in overruling his motion for new trial on account of misconduct of the jury. The District Court of Howard County has continuous terms and Rule 330, Texas Rules of Civil Procedure applies to appeals from that court. The judgment herein was entered on February 10, 1950. The original motion for new trial was filed February 10, 1950. The amended motion for new trial was filed March 2, 1950. The second amended motion for new trial was filed on a Bill of Exceptions on March 8, 1950, which was more than 20 days after February 10, 1950 There was no affidavit of any juror or attorney attached to either the original or amended motion for new trial and no rea-

son was given why such affidavit was not secured and attached thereto, supporting the allegations of jury misconduct. The court refused to hear evidence of the alleged misconduct of the jury. In the case of Roy Jones Lumber Co. v. Murphy, 139 Tex. 478, 163 S.W.2d 644, our Supreme Court has laid down the rule of procedure in cases of this kind. The court there holds that when affidavits are attached to the motion showing material jury misconduct, or if the motion discloses a reasonable explanation and excuse as to why affidavits could not be secured in connection therewith, it is reversible error for the court to refuse to hear testimony on the motion. But, in the absence of such affidavits or a reasonable explanation for not exhibiting same, refusal to hear testimony from the jurors on the motion is within the sound discretion of the trial judge. In other words, the law is well settled that counsel cannot go on a fishing expedition and try to determine on the hearing before the court whether misconduct has actually occurred. A party cannot put the jurors to the inconvenience and expense of attending a hearing, after the trial has been concluded, on questions of misconduct until and after such party secures affidavits of material misconduct or gives a reasonable explanation or excuse as to why such affidavits have not been secured.

We have carefully considered all points raised by plaintiff and are of the opinion that reversible error is not shown. As we view the record, plaintiff failed to prove a cause of action against defendant and an instructed verdict in favor of defendant would have been proper.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

Appellant earnestly insists we erred in holding that appellee was entitled to an instructed verdict. We have again reviewed the record and are of the opinion our original conclusion is correct. However, if we should be mistaken in concluding that appellant failed to establish a cause of ac-

tion, we are of the opinion that no reversible error is presented in any of the points raised by appellant.

■ By points 3, 4 and 5 appellant contends the court erred in not permitting him to prove that appellee, after the date of the accident, cleared its right-of-way of brush and trees. It is the general rule that evidence of subsequent improvements is not admissible. There are exceptions to this rule and such evidence is admissible when it tends to prove the existing condition at the date of the accident or to rebut testimony of the defendant. We believe the evidence offered was not admissible. Appellant offered to prove by the witness Tetens that overhanging limbs and mesquite sprouts were removed from the right-of-way after the date of the accident. This evidence, if admitted, would not have been in rebuttal to any evidence offered by appellee. The witness Tetens testified in behalf of appellee that there were overhanging limbs along the right-of-way and that no mesquite brush or limbs had been cleared from the right-of-way since 1942. So far we have been able to determine, appellee did not offer any testimony tending to show that the right-of-way was free from overhanging limbs and mesquite sprouts on the date of the accident. Consequently, the evidence excluded was not in rebuttal to any evidence offered by appellee and did not tend to show the condition of the right-of-way on the date of the accident. Furthermore, if it should be held that the evidence was admissible, we have concluded that its rejection does not constitute reversible error.

■ Rule 434, Rules of Civil Procedure, provides, in part, that no judgment shall be reversed unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. The burden of showing probable injury is upon appellant. Texas Power & Light Co. v. Hering, Tex.Sup., 224 S.W.2d 191.

The motion for rehearing is overruled.