**VOLAND v. CONNER.**

No. 10120.

Court of Civil Appeals of Texas.
Austin.

May 13, 1953.

Samuel M. Amster, Owens & Purser, by Samuel M. Amster, Austin, for appellant.

Hart, Brown & Sparks by J. H. Hart, Austin, for appellee.

HUGHES, Justice.

Reverend William A. Voland, appellant, sued W. S. Conner, appellee, for damages for personal injuries and for property damages allegedly sustained in a collision between a 1950 Hudson automobile driven by appellant and a 1949 Kaiser automobile owned by appellee but driven by his stepson, Jack Voight, in the City of Austin on or about September 11, 1951.

Trial was to a jury upon whose verdict the trial court, upon appellee's motion, rendered judgment that appellant take nothing by his suit.

No statement of facts has been filed as part of the record on appeal although the transcript contains a stipulation of the parties to the effect that Jack Voight, the 15-year old stepson of appellee, was driving appellee's car at the time of the collision with his permission, at which time Jack Voight had no driver's license and appellee was aware of this fact at such time.

Appellant assigns ten points of error, two of which relate to the sufficiency of the evidence to support certain findings of the jury bearing on his contributory negligence. These two points will not be further noticed as they cannot be appraised without a statement of facts.

Appellant's remaining points fall into two general classes (1) that the findings of the jury are in irreconcilable conflict and do not support the judgment rendered (2) that error is reflected in the proceedings had on his motion for new trial regarding alleged jury misconduct.

We will dispose first of the group of points relating to the jury verdict and in so doing will analyze the findings of the jury.

The first four issues found that Voight was driving appellee's car at an excessive rate of speed and that this was a proximate cause of the collision.

Issues Nos. 5, 6, and 7 found that appellant had entered the intersection of Oltorf and Wilson Streets first as Voight approached the intersection on Wilson Street and that Voight failed to yield the right of way to appellant but that this failure was not negligence.

Issue No. 8 found that such failure was not a proximate cause of the collision. The jury violated the court's instruction in answering this issue since it was submitted conditionally on the finding of negligence.

Issue No. 9 found that Voight did not fail to have the car under proper control.

Issue No. 10 was not answered.

Issue No. 11 found that Voight did not fail to slow the speed of his car as he approached the intersection.

Issues Nos. 12 and 13 were not answered.

Issues Nos. 14 and 15 found that Voight failed to keep a proper lookout for appellant's car and that this was a proximate cause of the collision.

Issue No. 16 found that in approaching the intersection Voight did not fail to observe appellant's car.

Issues Nos. 17 and 18 were unanswered.

Issues Nos. 19 and 20 found that while Voight failed to steer his car so as to avoid the collision that this was not negligence.

Issue No. 21 was not answered.

Issue No. 21a found that Voight did not fail to sound the horn and Issue No. 21b was not answered.

Issues Nos. 22, 23, 24, 25 and 26 related to damages, the jury finding appellant had incurred $200 in doctor and hospital bills and that the damage to his car was $1,500.

Issue No. 27 found that appellant saw appellee's car approaching the intersection before appellant had entered the intersec-

tion and by Issues Nos. 28, 29 and 30 the jury found that, under such circumstances, appellant attempted to drive his car across the intersection ahead of appellee's car which was negligence on the part of appellant and a proximate cause of the collision.

Issue No. 31 found that appellant did not fail to observe appellee's car as it approached the street intersection and Issues Nos. 32 and 33 were not answered.

Issue No. 34 found that appellant failed to keep a proper lookout for appellee's car just prior to the collision and Issue No. 35 found that this was a proximate cause of the collision.

Issue No. 36 found appellant was not driving at an excessive rate of speed at the time and Issue No. 37 was not answered.

Issue No. 38 found that appellant did not fail to have his car under proper control and Issue No. 39 was unanswered.

Issue No. 40 found that appellant's failure to stop his car before entering the intersection was not negligence and Issue No. 41 was not answered.

Issue No. 42 found that appellant did not fail to slow the speed of his car as he approached the street intersection and Issues Nos. 43 and 44 were not answered.

Issue No. 45 found that the two cars did not enter the intersection at approximately the same time and Issues Nos. 46 and 47 were not answered.

Issue No. 48 found appellant was not negligent in failing to sound the horn of his car and Issue No. 49 was not answered.

Issue No. 50 found that the collision was not the result of an unavoidable accident.

█ It will be observed that the jury found appellant negligent in two respects which were proximate causes of the collision, attempting to drive his car across the intersection ahead of appellee's car and in failing to keep a proper lookout for appellee's car just prior to the collision.

These findings, if permitted to stand, constitute an absolute bar to appellant's recovery herein. 30 Tex.Jur. p. 754.

If these findings are not in irreconcilable conflict with other findings they must stand. Speer Law of Special Issues, Section 431.

Appellant contends that jury findings 27, 28, 29 and 30 are in conflict with findings 5, 31, 36, 38, 40 and 42.

The first group made a complete finding against appellant in attempting to drive his car across the intersection in front of appellee's car.

The second group found that appellant entered the intersection first (5), that appellant saw appellee's car (31) and was not driving at an excessive rate of speed (36), that his car was under proper control (38), that appellant was not negligent in not stopping his car before entering the intersection (40) and appellant did not fail to slow his speed as he approached the street intersection.

Appellant seems to argue that since he entered the intersection first that he had the right of way under section 71, Subd. (a), Art. 6701d, V.A.C.S., and since appellee failed to yield him the right of way (this failure was not negligence, Issues 6 and 7) that this should settle the case in his favor.

█ Without a statement of facts we are unable to agree with the position taken by appellant and are unable to say that under all conceivable circumstances there is an irreconcilable conflict between these issues. Some of the factual possibilities which might affect the right of way claimed by appellant are: The presence of a signal light, stop signs or a traffic officer at this intersection. Whether Wilson Street on which Voight traveled was a through highway. Where and how the cars collided and whether each was in its proper lane. Whether appellant after entering the intersection stopped or in some other manner indicated that he surrendered his right of way.

The right of way rules prescribed in paragraphs (a) and (b) of section 71, supra, are not absolute. They are modified by paragraph (c) thereof "at through highways and otherwise as hereinafter stated in this Article."

All such exceptions are within the possibilities which a statement of facts might disclose.

Without further exploration or speculation we overrule the point under discussion.

Appellant also assigns the point that Issues 34 and 35 are in conflict with Issues 5, 31, 36, 38, 40, 42 and 48.

Issues 34 and 35 found that appellant failed to keep a proper lookout just prior to the collision and that this failure was a proximate cause of the collision.

The alleged conflicting issues are the same as those discussed in the preceding point except that Issue 48 is added. This issue found that appellant was not negligent in failing to sound the horn of his car.

█ If our holding under the point first considered is correct then the present point becomes immaterial because one clear finding of contributory negligence on the part of appellant would bar recovery by him. Ford Rent Co. v. Hughes, Tex.Civ.App., 90 S.W.2d 290 (Dallas).

█ We have considered this point, however, and we reach the conclusion that irreconcilable conflict under all possible circumstances is not shown. Conceding for argument that appellant had the right of way at all times this did not license him to close his eyes and drive with complete indifference to the safety of others. Without knowing how appellant utilized his right of way it is impossible for us to say that a conflict in these findings necessarily exists.

Appellant's motion for a new trial alleged that the jury trying the case was guilty of misconduct in the following particulars:

"(1) The members of the Jury in this case considered and discussed the effects of the answers on the rights of the parties, concluded that Plaintiff was entitled to damages and attempted to answer the Questions in a manner calculated to accomplish that result.

"(2) The Jury, in the consideration of the answers to the questions involving the value of Plaintiff's automobile, considered information of a personal knowledge concerning the value of the same, in spite of the fact that the only evidence concerning value was uncontroverted. One of the jurors advised the jurors that to his knowledge the automobile was not worth the amount testified to by the witnesses and placed a market value of his own upon the same for their consideration.

"(3) One of the jurors expressed a bias and prejudice against the Plaintiff before any consideration was given to any of the questions and the results of such bias and prejudice are clearly reflected by the answers given as to damages, insofar as the value of the Plaintiff's automobile are concerned, and insofar as the failure to make any allowances for physical pain and suffering or disability, contrary to all of the evidence produced by both Plaintiff and Defendant.

"(4) That the jurors in the case, in an effort to get home, agreed to trade out on certain answers, skipping from the first questions to the last question, and answered the final questions without realizing or understanding the nature of the question presented to them; that by result of the desire to rush the matter, and the lack of understanding of the matter, the jurors were confused as to the questions being answered and as to the answers that they were giving to such questions as is reflected by the conflicts above set out, together with the answers contrary to all evidence presented."

This motion was sworn to by one of appellant's attorneys but did not have attached any affidavits of jurors supporting the charges made.

On the new trial hearing appellant moved to amend his motion by adding additional allegations of misconduct. These were:

"* * * that members of the jury, in finding special issues as to contributory negligence of the plaintiff did so without regard to and consideration of the issue or of the facts brought out in the trial concerning such issue and the finding of such contributory negligence did not and does not reflect the verdict of such juror or jurors and such juror or jurors did not intend and do not intend to find the plaintiff guilty of contributory negligence in this case, and in so answering the issues with respect to contributory negligence they found the answers to the questions without proper consideration of the issue or of the evidence with regard thereto, and so answered those issues because the jury had already predetermined to find in a certain manner for the plaintiff, and such juror or jurors felt

that the other issues were not important of their consideration as affecting their verdict, which they had agreed to find for the plaintiff.

"That the jurors, Novy, Jenkins, Moore, Merchant and Davis answered the issues as to contributory negligence contrary to their true conviction and it was contrary to the answer to what they intended in consideration of those issues and answered the same in such fashion after a discussion amongst the jurors that having determined the manner in which they would find, and wanting to get home early at a reasonable hour, it was immaterial to the verdict of the jury as agreed, to give their full consideration to the remaining issues in the case."

Appellee made numerous exceptions to these allegations and the court made the following rulings:

"The Court will sustain the exceptions of the defendant to the motion for new trial on the part of the plaintiff; as amended, and plaintiff then requests the Court, as a part of its bill, to allow them to put jurors on the stand, which request is refused by the Court and to which the plaintiff excepts. The Plaintiff also excepts to the ruling of the Court in sustaining defendant's exceptions to Plaintiff's motion for new trial in all of their aspects and also excepts to the ruling of the Court in overruling their motion for a new trial, and gives notice of appeal to the Court of Civil Appeals for the Third Supreme Judicial District of Texas."

Following which were these proceedings:

"Plaintiff moves to further amend the motion for new trial by adding subdivision 7 of paragraph VI of the motion for new trial, to show that the jurors or some of the jurors agreed to answer and be bound by their answers to the issues by majority rule and that they did so answer the issues by majority rule.

"Plaintiff moves further for an opportunity to amend the motion for new trial by verifying the same and attaching affidavits thereto, prior to the end of the term of this Court, to-wit: by this afternoon.

"The Court: Overruled, and you have your bill on that, too."

In the absence of affidavits attached to a motion for new trial supporting allegations of jury misconduct or in the absence of a reasonable explanation for not exhibiting such affidavits the refusal to hear testimony from the jurors on the motion is within the sound discretion of the trial judge. Roy Jones Lumber Co. v. Murphy, 139 Tex. 478, 163 S.W.2d 644; Page v. Hancock, Tex.Civ.App., 200 S.W.2d 421 (Austin, writ ref., n. r. e.); Morgan v. Empire Southern Gas Co., Tex.Civ.App., 236 S.W.2d 198 (Eastland); and Romo v. San Antonio Transit Co., Tex.Civ.App., 236 S.W.2d 205 (Waco, writ ref., n. r. e.).

We will not attempt a detailed analysis of the allegations of jury misconduct, impractical for the most part without a statement of facts, but on the whole they appear to us to be of not a serious or harmful nature, rather vague and nebulous and more of an attempt to impeach the verdict rather than to establish actual misconduct.

The rule requiring affidavits in this matter has many sound reasons sustaining it, one of which is to prevent unnecessary harassment and annoyance of conscientious jurors.

Under the record shown here we find no abuse of discretion but rather the exercise of sound discretion in refusal of the trial judge to call the jurors to testify on the motion.

The judgment of the trial court is affirmed.

Affirmed.