Marshall R. YOUNG, Appellant,

v.

Robert F. HERRINGTON, Jr., Appellee.

No. 10579.

Court of Civil Appeals of Texas.

Austin.

April 16, 1958.

Rehearing Denied May 7, 1958.

M. Hendricks Brown, Walter E. Jordan, Fort Worth, for appellant.

B. R. Reeves, Palestine, for appellee.

GRAY, Justice.

This appeal is from an order overruling appellant's plea of privilege.

Appellee sued appellant for personal injuries sustained by him when he jumped from a bulldozer. He alleged that at the time of his injuries he and others were clearing timber from land owned by John P. Thompson in Anderson County over which land appellant owned and operated a gas pipeline; that he was operating a bulldozer following a large chain being pulled by two other bulldozers which chain was pulling a large tree which was pulled into the pipeline causing it to break and to permit gas to escape and explode; that he jumped off the bulldozer for his own safety and that he suffered a broken leg and other injuries complained of.

Appellee alleged that appellant was negligent in covering the pipeline with only a few inches of dirt and thereby concealing it from the view of persons in the position of appellee and that such negligence was a proximate cause of his injuries.

Appellant filed his plea of privilege to be sued in Tarrant County the county of his residence. At a nonjury trial the plea was overruled.

The right of way easement for the pipeline is not before us but we will assume that it was granted by the landowner. It was alleged that appellant had an easement for the pipeline.

Appellee was injured December 22, 1955, and it appears that by letter dated April 1, 1952, the owner of the land made requests of appellant one of which was:

"You have a good deal of pipe that is exposed. We have a power saw attached on the front of a tractor. We expect to clean the place of timber and I would like to request that you put these pipelines in the ground of sufficient depth so that when we plow over the lines it will not hurt our equipment. If someone on the saw hits one of these lines it could very easily kill the operator."

On May 29, 1952, appellant replied to the above letter and among other things said:

"We will be glad to comply with your request to bury all lines below plow depth where necessary."

John P. Thompson's ranch foreman was asked and answered as follows:

"Q. Do you know whether or not, as ranch foreman, you had advised Mr. Young that you expected to clear this land? A. I told his superintendent, Mr. Davis, two years before we started to clearing this land, that we were goto start. It was a good two years before we started.

"Q. Where were the pipe lines that you told them about? A. This gas

line that we hit, that Mr. Herrington hit, I didn't know was there. There was one about a hundred feet agin. a fence, that I told the operators that morning about it, and told them to be careful and not hit it. This particular line they hit, I didn't know was there.

"Q. After he hit it did you examine the dirt that was over it, to determine whether it had been buried any or not? A. Well, it had been buried some. It had at least, it had two inches of dirt on top of the line.

"Q. About two inches. A. Yes, sir, just enough to hide it."

This witness also said that the line was not visible to a person in the position that appellee was in. Further there was no evidence of any marker showing the location of the pipeline.

■ In order for appellee to sustain venue in Anderson County on the alleged negligence of appellant it was necessary for him to prove by a preponderance of the evidence:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries." Exception 9a of Art. 1995, Vernon's Ann.Civ.St.

The ownership and location of the pipeline in Anderson County is shown. Also the evidence is sufficient to show that appellee's injuries were proximately caused by the explosion leaving only the question whether the evidence is sufficient to sustain a finding of negligence.

■ There is no showing that the right of way easement required appellant's pipe to be buried or located at any particular place or its location marked. In this state of the record there is no showing that any duty rested on appellant to mark the location of his lines or to bury them to any particular depth. However appellant was notified that the land was to be cleared and of the then existing hazard of the pipelines to both machinery and the operator. Thereafter it became the duty of appellant to either bury the lines or mark their location in order to prevent contact with them. That such duty rested on appellant after notice is the holding in Clement v. United States Pipe Line Co., 253 Pa. 187, 97 A. 1070, cited with approval in Morgan v. Empire Southern Gas Co., Tex.Civ.App., 236 S.W.2d 198. Appellant appears to have recognized that some such duty rested on him as is shown by his letter supra. In the discharge of this duty the pipe was covered to a depth of two inches and thereby concealed from view which in the absence of markers was not sufficient to protect appellee and others from the dangers that the notice had called to appellant's attention. This fact in our opinion was sufficient to support the trial court's implied finding of negligence.

■ By his second point appellant complains that the trial court erred in admitting in evidence the letter of April 1, 1952, to appellant.

Appellant answered the letter and thereby admitted receiving it. McCormick & Ray, Texas Law of Evidence, Sec. 1152. Likewise appellant's reply to said letter was sufficient to show that he had notice of the landowner's intention to clear the land over which the pipelines were laid and also of the then existing dangers. McCormick & Ray, Texas Law of Evidence, Sec. 1141.

It is our opinion that error is not presented by appellant's points and the judgment of the trial court is affirmed.

Affirmed.