Gavino **RODRIQUEZ**, Appellant,

v.

Oscar **CARSON**, Appellee.

No. 8510.

Court of Civil Appeals of Texas,
Amarillo.

Jan. 31, 1975.

Rehearing Denied Feb. 24, 1975.

Lovell, Lyle, Cobb & Renfer, Dumas (Michael P. Metcalf, Dumas), for appellant.

Culton, Morgan, Britain & White, Amarillo (Richard L. Cazzell, Amarillo), for appellee.

ELLIS, Chief Justice.

Gavino Rodriquez, plaintiff-appellant, has brought this appeal from a take-nothing summary judgment entered against him in his suit against Oscar Carson, defendant-appellee, for loss of wages and commissions as a truck driver arising by reason of the total disablement of his employer's truck resulting from alleged negligence on the part of the defendant's employee. The truck driven by Rodriquez, which was owned by his employer, was involved in a collision with the defendant's truck driven by his employee, and it was alleged that his negligent acts caused the total disablement of the truck driven by Rodriquez, thereby resulting in the claim against the defendant for loss of income by reason of the interruption in Rodriquez's employment. The trial court sustained the defendant-appellee's motion for summary judgment upon finding that there was no genuine issue as to any material fact and entered judgment that the plaintiff take nothing in his suit. Affirmed.

Gavino Rodriquez was employed as a truck driver by Gaylon Bryan for a base guarantee of $150 per week plus 20% of the gross profits of the truck he would drive. On June 8, 1973, the truck which Rodriquez ordinarily drove was involved in a collision with a truck owned by appellee, Oscar Carson, and driven by an employee Willard May. The truck owned by Bryan was not repaired or replaced, and after a period of two and one-half months, Rodriquez left the employment of Bryan. He was able to secure new employment at a salary of $130 per week plus housing as a farm worker. This suit was brought by Rodriquez for recovery of his diminished earnings resulting from the disablement of the truck owned by his employer, Bryan, and brought about by the alleged negligent acts of appellee's employee. Appellee answered by general denial and thereafter filed a motion for summary judgment based upon contentions to the effect that Rodriquez did not suffer any injury for which compensable damages could accrue as a matter of law. Upon a hearing, the motion for summary judgment was sustained by the trial court. This appeal has been perfected from that proceeding.

Appellant complains of the action of the trial court by one point of error. Such complaint is based upon the contention that it was error for the trial court to grant the motion for summary judgment because the evidence showed that legally compensable damages had been suffered by Rodriquez as a result of the collision in question.

The summary judgment entered by the trial court recites that the pleadings, depositions and answers to interrogatories on file show an absence of any genuine issue of any material fact. In a summary judgment proceeding the burden of proof is upon the movant and all doubts as to the existence of a genuine issue as to a material fact are to be resolved against him. Gulbenkian v. Penn., 151 Tex. 412, 252 S.W.2d 929 (1952). The evidence must be viewed in the light most favorable to the party opposing the motion, Valley Stockyards Company v. Kinsel, 369 S.W.2d 19 (Tex.1963), and when so viewed, before

summary judgment is proper, it must be apparent that there is no genuine issue as to any material fact and that the moving parties are entitled to a judgment as a matter of law. See Rule 166-A, Texas Rules of Civil Procedure.

By his original petition, appellant alleges that he has been deprived of a regular driving job because the negligence and recklessness of appellee's employee resulted in the total loss of the truck which he drove on a regular basis and that such truck has not been replaced. The depositions of Rodriquez and Gaylon Bryan reflect that: Rodriquez was employed by Bryan for a guaranteed salary of $150 per week plus a percentage of 20% of the gross profit which was an average income of $200 to $225 per week, the truck which Rodriquez was driving was owned by Bryan and damaged in the collision with the truck owned by Oscar Carson and driven by his employee; the repair estimates on the Bryan truck were approximately $8,000 and the market value prior to the accident was $7,000; the truck was not repaired or replaced; Rodriquez continued to work for Bryan for a period of 2½ months after the date of the collision at the guaranteed $150 weekly salary; Rodriquez left the employment of Bryan by mutual agreement; Rodriquez sought and obtained employment as a farm worker at the salary of $130 per week plus housing valued at $100 to $125 per month; and that Rodriquez did not receive any personal injuries as a result of the collision.

■ It is fundamental that the right of recovery for an injury sustained by the plaintiff as a result of the conduct of defendant must be founded upon a legal duty of some character owed to the plaintiff with respect to the injury and a violation of that duty by the defendant. Rassman, Of Torts and Defendants, 16 Sw.L.J. 244, 245 (1962) and authorities cited therein. The three elements of actionable negligence are: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damage proximately resulting from such breach. Each of the elements must coexist in order that there can be any recovery. Robinson Rat Hole Service, Inc. v. Richardson Oils, Inc., 393 S.W.2d 629 (Tex.Civ.App.—El Paso 1965, writ ref'd n. r. e.). Whether or not a legal duty does exist under a given state of facts and circumstances is essentially a question of law to be determined by the court. Webb v. City of Lubbock, 380 S.W.2d 135 (Tex.Civ.App.—Amarillo 1964, writ ref'd n. r. e.).

■ Assuming without so holding that the truck driven by appellant was destroyed as a result of the negligent conduct of appellee's employee, we find no breach of a duty owed to appellant by appellee with respect to the injury, i. e., the absence of a truck for appellant to drive. If there were any obligation in this respect, it would arise by reason of some relationship or agreement between the appellant and his employer. The appellant did not suffer any bodily injuries, and in the absence of any showing that he had any vested interest in the truck he did not suffer any injury to personal property.

Appellant relies upon the case of Cain v. Fontana, 423 S.W.2d 134 (Tex.Civ.App.— San Antonio 1967, writ ref'd n. r. e.) in support of his position. In that case it was held that profits which were lost as a result of the dumping of rocks and dirt upon plaintiff's parking lot were recoverable. However, the plaintiff was the owner of the property and of the business which was damaged. In the instant case, Bryan is the owner of the property and any business related thereto. Thus, Cain v. Fontana would not be controlling here. The appellant also cites the case of Southwest Battery Corp. v. Owen, 131 Tex. 423, 115 S. W.2d 1097 (1938). This case involved an action for breach of contract wherein recovery was allowed for loss of profits suffered by the owners of a business. Anoth-

er case cited by appellant is Gray County Gas Co. v. Oldham, 238 S.W.2d 596 (Tex. Civ.App.—Amarillo 1951, no writ) which involved an action by a landowner for recovery of loss of rent for a bowling alley destroyed by defendant's negligent conduct. Further, appellant cited Dalby v. Lyle, 105 S.W.2d 764 (Tex.Civ.App.—Amarillo 1937, no writ), a case wherein the judgment of the trial court awarding damages to plaintiff for personal injuries, damage to her automobile, medical expenses, and loss of earnings was reversed and remanded because of incorrectly submitted special issues. Even in that case the recovery allowed by the trial court for loss of earnings was occasioned by personal injuries suffered by the plaintiff.

None of the cases cited by appellant involve a situation in which loss of earnings occasioned by damage to property of another is recoverable, and it is our opinion that none of the above cases support the imposition of such a duty with respect to such injury upon the defendant in this case.

In the instant case, the loss or diminution resulting to appellant is a result of the failure to replace the damaged truck and not from the alleged negligent conduct of appellee's employee in destroying such truck. Appellee owes appellant no duty to replace the truck since the record reflects that appellant had no property right in the truck. See 17 Tex.Jur.2d Damages § 1 (1960), and cases cited therein. In view of the foregoing, it is our opinion that any duty to appellant which may have been violated is not with respect to the injuries suffered, and as a matter of law no damages are recoverable from appellee. Consequently, the trial court did not err in granting the summary judgment in favor of appellee. Appellant's point of error is therefore overruled and the judgment of the trial court is affirmed.