ACCEPTED
01-15-00542-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/29/2015 8:22:30 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00542CV

IN THE

COURT OF APPEALS

FIRST JUDICIAL DISTRICT

HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
7/29/2015 8:22:30 PM
CHRISTOPHER A. PRINE
Clerk

BRAZORIA COUNTY
Appellant

vs.

EUGENE ELDRIDGE, ET AL

Appellee

ON APPEAL IN CAUSE NO. 69510

149TH JUDICIAL DISTRICT COURT, BRAZORIA COUNTY, TEXAS

HONORABLE TERRI HOLDER, JUDGE PRESIDING

**BRIEF OF THE APPELLANT**

JERI YENNE
CRIMINAL DISTRICT ATTORNEY
BRAZORIA COUNTY, TEXAS

RAETHELLA JONES
Assistant Criminal District Attorney
111 E. Locust, Suite 408A
Angleton, Texas 77515
(979) 864-1233
(979) 864-1712 (Fax)
Bar Card No. 75007981
rjones@brazoria-county.com

ATTORNEYS FOR APPELLANT
DATE: JULY 29, 2015

No Oral Argument Requested

# IDENTITY OF PARTIES & COURSE

APPELLANT:                BRAZORIA COUNTY

Attorney for Appellant at Trial:

      Name:        Raethella Jones
                      Assistant District Attorney
      Address:    Brazoria County Courthouse
                      111 E. Locust, Suite 408A
                      Angleton, Texas  77515
                      (979) 864-1233
                      (979) 864-1712 (Fax)
                      rjones@brazoria-county.com

Attorney for Appellant on Appeal:

      Name:        Raethella Jones
                      Assistant District Attorney
      Address      Brazoria County Courthouse
                      111 E. Locust, Suite 408A
                      Angleton, Texas  77515
                      (979) 864-1233
                      (979) 864-1712 (Fax)
                      rjones@brazoria-county.com

APPELLEE:              EUGENE ELDRIDGE, ET AL.

Attorney for Appellee at Trial:

      Name:        Savannah Robinson
      Address:    1822 Main
                      Danbury, Texas 77534
                      (979) 922-8825
                      (979) 922-8857 (Fax)

Attorney for Appellee at Appeal:

     Name:       Savannah Robinson
     Address:    1822 Main
                  Danbury, Texas 77534
                  (979) 922-8825
                  (979) 922-8857 (Fax)

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COURSE ......................................................... ii, iii

TABLE OF CONTENTS ................................................................................... iv

RECORD REFERENCES ................................................................................. v

TABLE OF AUTHORITIES ......................................................................... vi,vii

STATEMENT OF THE CASE .......................................................................... 1

ISSUES PRESENTED ..................................................................................... 1

I. STATEMENT OF FACTS ............................................................................ 1

    (A) Introduction ......................................................................................... 1

    (B) Factual Background .............................................................................. 3

        (1) The Advance Funding Agreement ................................................. 3

        (2) Plaintiff's Evidence ........................................................................ 5

II. SUMMARY OF THE ARGUMENT .......................................................... 7

III. ARGUMENT .............................................................................................. 8

    (A) Standard of Review .............................................................................. 8

    (B) Duty of the County .............................................................................. 10

    (C) Control of the Premises Determines Duty .......................................... 11

CONCLUSION .............................................................................................. 15

CERTIFICATE OF COMPLIANCE ............................................................ 16

CERTIFICATE OF SERVICE ..................................................................... 16

## RECORD REFERENCES

The Record citing convention contained below is used throughout Appellant's Brief.

CR.___ CLERK'S RECORD

# TABLE OF AUTHORITIES

**CASES**

*Rodriguez v. Carson*,
519 S.W.2d 214, 216 (Tex.Civ.App.- Amarillo 1975, writ ref'd n.r.e.)........ 3,7,9,10

*Harris County v. Sykes*,
136 S.W.3d 635, 638(Tex.2004)...............................................................................7

*Bland Independent School District v. Blue*,
34 S.W.3d 547, 554(Tex.2000).................................................................................7

*Oncor Elec. Delivery Co., LLC v. Murillo*,
449 S.W.3d 583, Tex.App.- Houston [1 Dist.], 2014)...............................................8

*Texas Department of Parks & Wildlife v. Miranda*,
113 S.W.3d 217, 226(Tex.2004)..............................................................................9

*City of El Paso v. Mazie's L.P.*,
408 S.W.3d 13, 18(Tex.App.- El Paso 2012, pet denied)...........................................9

*Walker v. Packer*,
827 S.W.2d 833, 837(Tex 1992)...............................................................................9

*El Chico Corp. v. Poole*,
732 S.W.2d 306, 311(Tex.1987)..............................................................................10

*Rodriguez v. Ed Hicks Imports*,
767 S.W.2d 187, 192 (Tex. App.- Corpus Christi 1989, no writ) ...........................10

*Coleman v. Hudson Gas and Oil Corp*,
455 S.W.2d 701(Tex.1970).....................................................................................10

*Redinger v. Living Inc.*,
689 S.W.2d at 415, 417 (Tex 1985).........................................................................12

*Sem v. State*,
821 S.W.2d 411, 414-15 (Tex.App.- Fort Worth 1991, no writ) ...........................12

*Chevron U.S. A., Inc. v. Lara*,
786 S.W.2d 48, 49(Tex.App.- El Paso 1990, writ denied) ......................................12

*Cnty. of Cameron v. Brown*,
80 S.W.3d 549,556 (Tex 2002)...............................................................................12

*City of Denton v. Van Page*,
701 S. W.2d 831, 835 (Tex 1986)............................................................................12

*Dow Chem. Co. v. Bright*,
89 S.W.3d 602, 606 (Tex.2002)..............................................................................13

*Olivarez v. Brown & Gay Eng'g, Inc.*,
401 S.W.3d 363, 367-69 (Tex.App.- Houston [14[th] Dist.] 2013, no pet.) ..............13

*Entergy Gulf States, Inc. v. Isom*,
143 S.W.3d 486, 489-90 (Tex.App. – Beaumont 2004, pet. denied) ......................14

*Roberts v. Friendswood Dev. Co.*,
886 S.W.2d 363,367 (Tex.App.- Houston [1[st] Dist]1994,writ denied) ..................14

**STATE STATUTES**

Tex. Civ.Prac. & Rem.Code § 101.021 ...............................................................3,7

Tex. Tran. Code §§ 201.103 and 222.052 ...............................................................3

**FEDERAL STATUTES**

Title 23 USC §144 .................................................................................................3

**SECONDARY AUTHORITY**

Restatement (Second) Torts §328e (1965) ............................................................6,8

## STATEMENT OF THE CASE

This is an interlocutory appeal from the trial court's denial of Appellant, Brazoria County's, Plea to the Jurisdiction.

## ISSUE PRESENTED

**1.** Did the trial court err in denying Brazoria County's plea to the jurisdiction in a premises liability claim when the County was not the legal possessor of the premises at the time of the incident giving rise to the claim.

## I. STATEMENT OF FACTS

### A. Introduction

On or about 4:00 A.M. on April 23, 2012, Eugene Eldridge as driver and Raymond Perry as passenger, were traveling along CR 128 in Brazoria County. Also occurring on the same road during this period of time was the Texas Department of Transportation's (TxDOT) reconstruction of a bridge. Mr. Eldridge alleges that he did not see the warning signs posted by TxDOT and he drove off the road into an adjacent ditch in order to avoid driving into the gap created by the removal of the bridge.

On September 6, 2012, Eldridge and Perry filed suit naming only against Brazoria County ("the County") as a defendant. Moreover, they did not allege the County was the legal owner or possessor of the property. They simply claimed,

without any assertion or identification of who the property owner was, that the County had been negligent in placing or replacing signs that warned of the bridge's construction. Further Plaintiffs asserted that this was a premises/special defect since the claim arose as a result of a defect in real property After some brief discovery, the County filed a plea to the jurisdiction asserting that the alleged property damage and injuries did not arise from an act or omission of negligence of a County employee acting within the scope of their employment. The trial court granted the plea; however, the appellate court reversed the trial court's ruling, finding that employee involvement was not an element of a premises liability claim. The appellate court also noted that they were not implying or deciding that the County could not successfully raise future jurisdictional challenges to Appellants'[1] claims. CR. 75.

On March 16, 2015, the County filed a second Plea to the Jurisdiction asserting that at the time of the incident in question; the County did not have legal ownership, nor was it a possessor of the property giving rise to the alleged injury. Moreover, the County asserted that since it was not the legal possessor/owner of the property at the time of the incident in question, it had no duty to plaintiffs. That duty lay with the legal owner/possessor, The State of Texas CR. 11.

---

[1] Eldridge and Perry were Appellants in the 2014 appeal.

Plaintiffs responded to the Plea to the Jurisdiction asserting that premises liability is based on an owner's failure to take measures to make the property safe CR. 52. The court held a hearing; however, no testimony was taken nor was the hearing recorded.  CR. 84.  The Court later issued an order denying the Plea to the Jurisdiction. CR. 75.

This case is governed by TEX. CIV. PRAC. & REM.CODE § 101.021 (CPRC) referred to hereinafter as the Texas Tort Claims Act ("The Act").  The Act creates governmental liability when the personal injury is caused by a condition or use or tangible or real property if the governmental unit would, were it a private person, be held liable under Texas law. *Id.* For a private person to have a right of recovery, under Texas law, it is fundamental that a legal duty of some character was owed to the individual seeking recovery.  *Rodriguez v. Carson,* 519 S.W.2d 214, 216 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.).

### B.    FACTUAL BACKGROUND

### 1.  The Advance Funding Agreement

The State under the authority of TEX. TRAN. CODE §§ 201.103 and 222.052 establishes the plans and policies for the construction of a comprehensive system of state highways and public roads in cooperation with local governments. The funding for the State to implement these plans and policies is authorized by Title 23 USC §144. As the bridges and highways within the off-state federal-aid

system need replacement or rehabilitation, the State enters into agreements with local agreements for such work. Under the Highway Bridge Replacement and Rehabilitation Program, the Texas Transportation Commission by Order number 110109, dated June 30, 2005 authorized the state to enter into an Advanced Funding Agreement ("Agreement") with Brazoria County, whereby the bridge located on CR 128 would be replaced by the State. CR. 19.

The express provisions of the Agreement stated the effective period of the Agreement was from the date signed, October 21, 2005, until terminated, October 11, 2012, when under the terms of the Agreement, the County issued a Notice of Acceptance of the bridge. CR 29, 40.

Under the terms of the Agreement, the State assumed all construction responsibilities including advertising for construction bids, awarding and administering the contract as well as traffic control through detour plans and signage. CR. 22¶11, 45-47. Only upon completion of the project was the County allowed to accept full ownership and operate and maintain the facility. CR. 22 ¶12

Explicit in the Agreement were terms that no party is an agent, servant, or employee of the other and each party agrees it is responsible for its individual acts and deeds. CR. 25 ¶16.

The exact date the State begin replacing the bridge is unknown to the County because under the terms of the Agreement, the State had taken custody and control

4

of the project and the premises.  The only information the County received regarding construction was a notice, dated March 23, 2010, from the State to the County's engineer that *"the contract for the bridges (sic) is expected to be let in July 2010. A construction schedule and traffic detour layouts are attached for your use"*. CR. 41.

It was clearly evident that the State controlled and occupied the premises and was the *possessor* of the land for the purpose of defining a legal duty in tort; therefore, the County cannot be a liable tortfeasor.

### 2.  Plaintiffs' Evidence

Plaintiffs attached to their petition an affidavit of an individual who lived adjacent to the area where the alleged accident occurred and who had observed the construction as well as communicated with the construction engineer/supervisor during the project. This individual stated that he had *"several conversations with the construction company and the TxDOT supervisor"*. He informed them about the other detour signs on the north and south directions of Hwy. 35 as well as those along CR 99. He also stated that *"once the road was closed, **the company** (emphasis added) placed flashing lights to show traffic the bridge was out"*. Plaintiffs' witness specifically names, Rozco Contracting Company, assistant vice president, Martin Gottselig and TxDOT representative, Jared Williams, as the individuals he spoke to "many times" about traffic concerns and signs.  Noticeably

5

absent was any reference to any County agent, employee or representative. CR. 48, 49.

Plaintiffs also allege that "Exhibit A, behind page 12, page 3 of 3, paragraph three" of the Agreement states that the County agreed to be responsible for the bridge construction. CR. 34. That assertion is a mischaracterization of what the paragraph actually says. The paragraph actually reads " THEREFORE BE IT RESOLVED that the Local Government perform, or cause to be performed the following *equivalent match projects* (emphasis added) in return for waiver of the local match fund participation requirement on the approved federal off-system bridge program (participation waived) project not yet awarded. CR 34 ¶1. Further, the paragraph Plaintiff cites to expressly states, "In performing, or causing to be performed, the *equivalent match project(s)* the Local Government assumes all responsibility for engineering…" CR 34, ¶3. The responsibility the County was assuming was for the match project not the project on CR 128. The evidence Plaintiffs attach to their pleading to support the alleged accident occurred due to the fact that the County placed inadequate warning signs in facts reinforces the County's position that they were not the legal possessors at the time of the accident. Liability can only be attributed to the County if they had a duty as an owner, defined as legal possessor of the premises. RESTATEMENT (SECOND) TORTS § 328E (1965).

6

## II.  SUMMARY OF THE ARGUMENT

Absent narrow exceptions carved out by The Act, a governmental entity retains immunity from suit. CPRC§ 101.021. One such exception is found in CPRC §101.021(2) wherein a governmental entity may be held liable for personal injury caused by a condition or use of tangible personal or real property, if the governmental unit would, were it a private person, be held liable under Texas law. When a suit against a governmental entity is filed that does not fall within the exception of CPRC §101.021(2); the governmental entity must file a plea to the jurisdiction to challenge the court's authority to determine the subject matter of the filed action. *Harris County v. Sykes,* 136 S.W.3d 635, 638 (Tex.2004); *Bland Independent School District v. Blue,* 34 S.W.3d 547, 554 (Tex.2000).  The County challenged the trial court's jurisdiction asserting that although Plaintiffs alleged an injury caused by real property, the County would not, under Texas law, be liable were it a private person.  CR.11. For liability to attach, the Plaintiff would have had to have sustained an injury due to the conduct of the County founded upon some legal duty of the County to the Plaintiff. *Rodriguez v. Carson,* 519 S.W.2d 214, 216 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.). In the present case, the Plaintiffs allege they suffered personal injuries because the County was negligent in placing adequate signs warning of bridge reconstruction. They never allege that the property in question was owned or possessed by the County thus giving rise to

a duty by the County to place warning signs. They simply assert, although contradicted by their witnesses' affidavit, that the County placed warning signs; therefore when those signs were lost or destroyed, it was the duty of the County to replace them. CR. 7,8; ¶1,2,3. The duty to act, in this case, place warning signs, would be the responsibility of the possessor of the land. *Oncor Elec. Delivery Co., LLC v. Murillo* 449 S.W.3d 583, Tex.App.–Houston [1 Dist.], 2014.

If by implication, Plaintiffs are asserting that the County held legal title to the property; therefore they are the possessor of the property; this assertion is not supported by case law. The question of legal title for real property purposes does not define whether a possessor of property has a legal duty to answer in tort for premises defects it creates. The important thing in the law of torts is the possession and not whether it is or is not rightful between the possessor and some third person. *Id.,* RESTATEMENT (SECOND) TORTS § 328E (1965).

Although the State was the legal possessor of the land and the State placed and exercised control over the warning signs thus creating the existence and violation of a duty to Plaintiffs on the State, the trial court denied, the County's plea to the jurisdiction.

## III.   ARGUMENT

**A.      Standard of Review**

The standard of review is abuse of discretion. Whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is a question of law subject to *de novo* review. *Miranda,* 183 S.W.3d at 224. Moreover, whether or not a legal duty does exist under a given state of facts and circumstances is essentially a question of law to be determined by the court. *Rodriguez v. Carson* at 216. Further a determination whether a party has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law which is subject to *de novo* review. *Texas Department of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004); *City of El Paso v. Mazie's, L.P.,* 408 S.W.3d 13, 18 (Tex.App.-El Paso 2012, pet. denied). A trial court has no "discretion" in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Walker v. Packer,* 827 S.W.2d 833, 837 (Tex.1992).

Even when construing the Plaintiffs' pleading liberally in favor jurisdiction, there exists undisputed evidence of jurisdictional facts that TxDOT was the possessor of the property; therefore, any duty to Plaintiffs was the responsibility of TxDOT. Further, when examining the evidence offered by Plaintiffs, TxDOT managed, controlled, and had custody of the premises at all times incident to the alleged accident. The trial court therefore abused its discretion in denying the County's Plea to the Jurisdiction.

9

## B.     Duty of the County

It is fundamental that the right of recovery for an injury sustained by a plaintiff as a result of the conduct of a defendant be founded upon a legal duty of some character owed to the plaintiff and a violation of that duty by the defendant. *Rodriguez v. Carson,* at 216. The three elements of actionable negligence are: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damage proximately resulting from such breach. Each of the elements must coexist in order that there can be any recovery. *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex.1987); *Rodriguez v. Ed Hicks Imports,* 767 S.W.2d 187, 192 (Tex.App.—Corpus Christi 1989, no writ).  A plaintiff must prove the existence and violation of a legal duty owed to him by the defendant to establish tort liability. *Coleman v. Hudson Gas and Oil Corp.,* 455 S.W.2d 701 (Tex.1970).  Step one in establishing the existence of a legal duty in Plaintiffs' premises liability claim is the determination of who the legal possessor of the premises is.  Plaintiffs never allege or offer any evidence that the County was the legal owner or possessor of the property in question. The premise of their negligence claim is found in their Second Amended Original Petition; wherein they allege:

> *The County posted warning signs for the hazardous condition posed*
>
> *by the missing bridge.  On April 20, 12, the area experienced severe*
>
> *storms, with gusting winds.  All warning signs were blown over, or*

10

*lost in the storm. The County was notified of the dangerous condition posed by the bridge being removed, and the absence of warning signs... The negligence of the Defendants consisted of...carelessly and negligently failing to provide any warning of the hazardous condition...failing to replace road signs and warning devices after notice and a reasonable time.*

Plaintiffs completely disregard who the legal possessor of the premises is and move straight to the assumption that it was the County. Based on that assumption, they presume the County had, prior to the incident, posted warning signs. They make this assertion in spite of the fact their witnesses' statement expressly identified TxDOT or the construction company contracted by TxDOT as the entity who placed the warning signs. CR. 48, 49. Further support of Plaintiffs' witness statement, that TxDOT placed the warning signs, is found in the documents provided by, TxDOT. Specifically the "Detour and Traffic Control Plans", which identify TxDOT as the author of the plans and the Agreement whereby TxDOT assumed *all* responsibility for the construction responsibilities. The County does not accept full ownership and operate and maintain the facility until the project has been completed, it is obvious that TxDOT, not the County was the legal possessor of the premises and any duty of care lay with TxDOT. CR. 45-47; 22, ¶¶11, 12

**C.      Control of the Premises Determines Duty**

Who controls the premises is the essential question in determining who owes the duty to warn or make safe. This duty only arises; however, for an *occupier with control* of the premises. *See Redinger v. Living,* 689 S.W.2d at 415, 417; *Sem v. State,* 821 S.W.2d 411, 414–15 (Tex.App.—Fort Worth 1991, no writ); *Chevron U.S.A., Inc. v. Lara,* 786 S.W.2d 48, 49 (Tex.App.—El Paso 1990, writ denied). "[a] premises-liability defendant may be held liable for a dangerous condition on the property if it 'assum[ed] control over and responsibility for the premises,' even if it did not own or physically occupy the property." *Cnty. of Cameron v. Brown,* 80 S.W.3d 549, 556 (Tex.2002) (concluding that, for purposes of premises-liability claim, county assumed sufficient control over state-owned causeway because it had maintenance contract with state that included responsibilities over causeway's streetlight system) (quoting *City of Denton v. Van Page,* 701 S.W.2d 831, 835 (Tex.1986)). The facts of this case are analogous to *Brown,* In that case, the State held legal title to the section of the roadway where the accident occurred; however, the Court found Cameron County assumed sufficient control over the part of the premises that presented the alleged danger such that Cameron County had a duty to remedy it. In the current case, even if the Plaintiffs had alleged that the County held legal title to the premises at the time of the alleged incident, the State, operating through TxDOT, assumed control over the part of the roadway that presented the alleged danger. The elements of control can be proven by a

12

contractual agreement assigning a right of control or evidence of actual control *Dow Chem. Co. v. Bright,* 89 S.W.3d 602, 606 (Tex.2002); *see also Olivares v. Brown & Gay Eng'g, Inc.,* 401 S.W.3d 363, 367–69 (Tex.App.-Houston [14th Dist.] 2013, no. pet.).  The Funding Agreement entered into between TXDOT and the County state the following:  "the State, defined in the agreement as, the State of Texas acting by and through the Texas Department of Transportation, will be responsible for all construction responsibilities from construction bids through construction completion; "ownership of the project does not pass to the Local Government [Brazoria County] until the project has been completed and the County accepts full ownership". CR. 22 ¶¶11, 12. The contractual language clearly establishes that TxDOT assumed control over the premises. Further evidence of the County's lack of control of the premises is established by its Notice of Acceptance of the project dated, October 12, 2012.  CR. 40.  The County would not need to accept a project it had possession and control of. Additionally, TxDOT, developed the construction plan as well as the traffic control plan for the bridge at CR 128. TxDOT provided the County a copy of its construction and detour plans; however, as identified clearly on the plans, those belong to and were developed for use by TxDOT. CR. 45-47. These plans confirm the statement in the Funding Agreement that TxDOT will be responsible for *all* construction responsibilities; [this included the placement of any warning signs]. The statement of plaintiffs' witness that he

had conversations with the construction company, hired by TxDOT and with the TxDOT supervisor regarding the placement of the signs and the signs being blown down by the wind further evidences the control of the premise by TxDOT. The witness, never identifies or even implies that he ever saw or spoke with any representative for the County, only those for TxDOT. CR. 48,49.

As further evidence of the County's physical absence and lack of control of the premises, the County attached to its plea to the jurisdiction, the affidavit of Assistant County Engineer, Michael Shannon[2], who stated that the County did not participate in any manner in the demolition/reconstruction of the bridge nor in the placement of any signage. Further, Mr. Shannon's , statement that the County did not receive any notices or complaints regarding warning signs in the construction/demolition area during the relevant time period supports Plaintiffs' witness statement that he complained to TxDOT representatives. CR. 50-51; 48-49 "The relevant inquiry is whether the defendant assumed sufficient control over the part of the premises that presented the alleged danger such that the defendant had the responsibility to remedy it." *see Entergy Gulf States, Inc. v. Isom,* 143 S.W.3d 486, 489–90 (Tex.App.-Beaumont 2004, pet. denied) (analyzing case in which injury occurred from unmarked guy wire on utility company's right-of-way as premises-liability claim); *Roberts v. Friendswood Dev. Co.,* 886 S.W.2d 363, 367

---

[2] The County Engineer at the time of the incident had retired and was not available; however, the Assistant County Engineer was in that position at the time of the incident and as a part of his duties participated in or was aware of the day to day activities of the Engineer's office.

14

(Tex.App.-Houston [1st Dist.] 1994, writ denied) (observing that easement holder has duty to use ordinary care regarding use and maintenance of easement). It is sufficiently clear from the contractual agreement, conduct of the parties, witness statements and the affidavit of the assistant county engineer that TxDOT assumed control of the premises; therefore, any duty under a negligence premises defect theory belonged to TxDOT.

## CONCLUSION

The County requests that this Court hold that the trial court erred in denying the County's plea to the jurisdiction.

Further, the County requests such other relief to which it may be entitled.

Respectfully submitted,

**JERI YENNE**
CRIMINAL DISTRICT ATTORNEY
BRAZORIA COUNTY, TEXAS
SBN 04240950

/s/ Raethella Jones_____
by:**RAETHELLA JONES**
Assistant District Attorney
SBN 75007981
111 East Locust, Suite 408A
Angleton, Texas 77515
(979) 864-1233
(979) 864-1712 (Fax)
**ATTORNEYS FOR THE APPELLANT**

15

**CERTIFICATE OF COMPLIANCE**

I hereby certify that Appellant Brief, as calculated under Appellate Rule 9.4(i), contains 3,476 words as determined by the Word program used to prepare this document.

/s/ Raethella Jones
**RAETHELLA JONES**

**CERTIFICATE OF SERVICE**

The undersigned Attorney for the Appellant certifies that a true copy of this motion was served in compliance with Article 9.5 of the Rules of Appellate procedure on Savannah Robinson, attorney for the Appellee, by email to savannahrobinson@gmail.com this 29th day of July 2015.

/s/ Raethella Jones
**RAETHELLA JONES**