## LOPEZ v. GARCIA et al.
### Nos. 13935, 13944.

Court of Civil Appeals of Texas.
San Antonio.

April 10, 1940.

Rehearing Denied May 8, 1940.

Robt. A. Sone and S. D. Hopkins, both of Corpus Christi, for plaintiff in error.

H. F. Montgomery and George C. Gaines, Jr., both of Houston, Neel & King, of Corpus Christi, and Perkins & Floyd, of Alice, for defendants in error.

SMITH, Chief Justice.

On February 12, 1938, judgment was rendered in the District Court of Duval County against plaintiff, Juan Lopez, in favor of defendants, Francisco Lopez Garcia and others.

In due time, on August 5, 1938, Lopez filed his petition for writ of error, together with affidavit in lieu of error bond, and defendants timely filed their contest of the affidavit.

No formal action was taken upon said affidavit or contest thereof, but on January 9, 1940, defendants filed an instrument in the case stating that they "wish to withdraw their contest of the pauper's oath heretofore filed in this cause and wish to waive service upon the application for writ of error filed herein" and thereupon formally waived such service. It appears that plaintiff had no actual notice of the filing of this instrument, and that the trial court took no action thereon, even if cognizant of the filing.

Thereafter, on March 20, 1940, defendants filed in this Court their motion to affirm on certificate in due form accompanied by partial transcript of the proceedings below, and, four days later, on March 24th, plaintiff filed his motion for sixty days' additional time over that allowed by statute for filing the record on appeal. The question presented is, then, Shall defendants' motion to affirm on certificate be denied and plaintiff's motion for additional time be granted; or, vice versa?

Under the facts the filing of defendants' contest of plaintiff's affidavit had the effect of suspending plaintiff's right to appeal without bond until the contest was disposed of, by an order denying it, or by its withdrawal or dismissal, or by waiver. Here it was neither tried nor denied, nor does it appear to have been formally dismissed, nor was the request for withdrawal formally acted upon below, and plaintiff seems to question the sufficiency of the adjudication of the matter of the right of appeal without bond, as well as the sufficiency of the waiver of citation in error by defendants. But, as all parties have nevertheless proceeded upon the assumption that the filing of defendants' request for withdrawal of their contest and waiver of citation had the effect of perfecting the writ, this Court must either adopt that assumption, or dismiss the writ, since it ought to be obvious that if the writ of error was not perfected by that act it was not perfected at all, and we have no jurisdiction. In aid of the right of appeal we hold that the writ of error was perfected on January 9, 1940, when defendants filed their request for withdrawal of their contest of the pauper's affidavit, which amounted to a waiver thereof, and their formal waiver of citation in error.

When plaintiff filed his petition for writ of error and affidavit in lieu of bond, on August 5, 1938, his counsel, a resident of a nearby county, wrote the clerk of the trial court requesting him to issue citations to the numerous defendants in error and forward to the sheriffs of the various counties of defendants' residence for service, and also that he furnish counsel with the ad-

dress of the official court reporter, and prepare transcript of the record. The clerk ignored this communication and plaintiff took no further notice of his case during the ensuing nine months or until May 5, 1939, when his counsel again wrote the clerk asking for information of the status of the proceeding and for transcript on perfection of the appeal. The clerk disregarded this communication, as before, and plaintiff again settled back into a state of apparent indifference to his case, until ousted therefrom apparently by notice of defendants' motion for affirmance on certificate, filed on March 20, 1940. Thereupon, on March 24, 1940, plaintiff filed his motion for enlargement of the time allowed him by law in which to file the record in this Court.

We are of the opinion that plaintiff has shown no diligence in preserving or prosecuting his appeal, or good cause for failing to present his record in this court within the time prescribed by law. The judgment of which he seeks to complain was rendered on February 12, 1938. He delayed filing his petition for writ of error until just before the expiration of the six months allowed by law therefor, which was legal diligence of course, but of the slow motion variety. He timely filed his affidavit in lieu of bond, but there his diligence ceased, absolutely. Except to write a perfunctory letter to the clerk then, and a still more perfunctory one nine months later, plaintiff took no notice of his appeal or of his rights thereunder until confronted with notice of defendants' motion to affirm on certificate, whereupon, on the very last day of the seventy-five days allowed him in which to show good cause existing during the first sixty days of that period, he filed his motion for additional time. It has been more than two years since the judgment was rendered in this cause, and we hold that under the facts stated plaintiff is in no position to invoke judicial discretion in aid of further delay in the prosecution of the attempted appeal.

Plaintiff's motion for additional time will be overruled, and defendants' motion to affirm on certificate, granted.

### On Motion for Rehearing.

We deem it proper to state that neither of the attorneys representing plaintiff in error in this proceeding was of counsel for him in the trial court.

Plaintiff in error's motion for rehearing will be overruled.