Reversed and Remanded and Memorandum Opinion filed May 23, 2006









Reversed and Remanded and Memorandum Opinion filed May 23, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00473-CV

____________

 

JOHN JOHNSON,
SHERILYN JOHNSON, AND

ONE BEACON INSURANCE, INC.,
Appellants

 

V.

 

TEXAS GENCO, L.P., INCORRECTLY NAMED AS RELIANT
ENERGY, INC., Appellee

 



 

On Appeal from the 269th
District Court

Harris County, Texas

Trial Court Cause No. 03-03646

 



 

M E M O R A N D U M   O P I N I O N








This is an appeal from the granting of a
no-evidence summary judgment in favor of the defendant in a premises liability
case. Appellants, John and Sherilyn Johnson,[1]
filed suit against appellee, Texas Genco, L.P., incorrectly named as Reliant
Energy, Inc., for injuries caused by a fall Johnson experienced while working
on appellee=s premises. Finding the Johnsons met their
burden and produced sufficient summary judgment evidence to raise genuine
issues of material fact, we reverse and remand to the trial court for further
proceedings in accordance with this opinion.

Factual and
procedural background

In June 2001, Tropical Storm Allison
caused record flooding in the Houston area. The storm damaged the phone lines
at appellee=s Greens Bayou Energy Plant. Appellee
retained Johnson=s services through C.W. Henderson, his
employer. Johnson was hired to pull phone cable through a series of manholes at
the plant.

On or about September 13, 2001, Johnson
was engaged in performing this work at appellee=s plant. The
manhole where Johnson was performing the work was located in a field some
distance from the road where the C. W. Henderson truck was parked.  Johnson noted a large log, approximately
twenty to thirty feet long and eighteen to twenty-four inches in diameter
blocking the path from the road to the manhole. 
The log was in an area of tall grass and was only two to three feet from
the road. Because accessing the manhole required that Johnson climb over the
log repeatedly, Johnson complained about the log to his supervisor and filled
out a safety concern form for his supervisor to deliver to appellee.

Johnson returned to work at the same site
the next day. Johnson testified it was impractical to avoid crossing the log as
it stretched from a pipe rack on one end to an area of high water on the other.
Johnson avoided the high water because he had heard reports that a worker from
another company had suffered a snake bite at that location. Johnson made
numerous trips over the log that day. On one trip, Johnson stepped up onto the
log to cross and when he stepped down, he stepped into a hole concealed by the
tall grass and injured his ankle. Johnson estimated the grass was two to three
feet tall around the log.








The grass areas of appellee=s plant were well
maintained and resembled a golf course. The one exception to this was the area
around the log where Johnson was required to work.  Appellee referred to the area where Johnson
was working at the time of his fall as Area III. The Johnsons submitted as
summary judgment evidence mowing records that showed appellee mowed the grass
at the plant on a regular basis. These records indicate that Area III was last
mowed about a month before Johnson=s fall. The
invoice for the mowing shows that only eighty percent of Area III was mowed
that day. The contract between appellee and the mowing company required
appellee to inspect the work done by the mowing company within seventy-two
hours of the completion of the work and report any problems with the mowing
within that same time period.

The Johnsons filed suit asserting
negligence and premises liability causes of action. In addition, Sherilyn
Johnson asserted a loss of consortium claim. C. W. Henderson=s workers= compensation
insurance carrier, One Beacon Insurance, Inc., intervened in the lawsuit to
recover sums it spent to pay Johnson=s medical bills
arising out of his injuries. Appellee filed a no-evidence motion for summary
judgment arguing the Johnsons had no evidence that appellee had actual or
constructive notice of the existence of a dangerous condition on its premises.
The trial court granted appellee=s motion and
entered a final summary judgment as both Sherilyn Johnson=s and One Beacon
Insurance, Inc.=s claims were derivative of Johnson=s. The trial court
denied the Johnsons= motion for new trial and this appeal
followed.  

Discussion

The Johnsons raise four issues on appeal.
In their first issue, the Johnsons argue they 
produced more than a scintilla of evidence in response to appellee=s no-evidence
motion for summary judgment, and therefore, the trial court erred in granting
appellee=s motion. We agree
with the Johnsons. 

A. Standard of Review








After sufficient time for discovery has
passed, a party may file a no-evidence motion for summary judgment if there is
no evidence of one or more essential elements of a claim or defense on which an
adverse party would have the burden of proof at trial. See Tex. R. Civ. P. 166a(i). In a no-evidence
motion for summary judgment, the movant must specifically state the elements as
to which there is no evidence. Howell v. Hilton Hotels Corp., 84 S.W.3d
708, 711 (Tex. App.CHouston [1st Dist.] 2002, pet. denied). In
reviewing a no-evidence summary judgment, we review the evidence in the light
most favorable to the non-movant and disregard all evidence and inferences to
the contrary. Coastal Conduit & Ditching, Inc. v. Noram Energy Corp.,
29 S.W.3d 282, 284 (Tex. App.CHouston [14th
Dist.] 2000, no pet.). We sustain a no-evidence summary judgment if (1) there
is a complete absence of proof of a vital fact; (2) rules of law or evidence
bar the court from giving weight to the only evidence offered to prove a vital
fact; (3) the evidence offered to prove a vital fact is no more than a
scintilla; or (4) the evidence conclusively establishes the opposite of a vital
fact. Id. Less than a scintilla of evidence exists when the evidence offered
to prove a vital fact is so weak so as to do no more than create a mere surmise
or suspicion of its existence, and in legal effect is no evidence. Ford
Motor Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex. 2004). More than a
scintilla of evidence exists when the evidence rises to a level that would
enable reasonable and fair-minded people to differ in their conclusions as to
the existence of the vital fact. Id. Because the propriety of a summary
judgment is a question of law, we review the trial court=s decision de
novo. Brown v. Blum, 9 S.W.3d 840, 844 (Tex. App.CHouston [14th
Dist.] 1999, pet. dism=d w.o.j.).

B. Elements of a Premises Liability Claim








In a premises liability case, the duty
owed to a plaintiff depends on the status of the plaintiff at the time of the
incident. M. O. Dental Lab v. Rape, 139 S.W.2d 671, 675 (Tex. 2004).
Under Texas law, an invitee is a person who enters the premises of another in
answer to an express or implied invitation from the owner or occupier for their
mutual benefit. McCaughtry v. Barwood Homes Ass=n, 981 S.W.2d 325, 329
(Tex. App.CHouston [14th Dist.] 1999, pet. denied).
The duty owed to an employee of a contractor working on the premises of an
owner or occupier at the time of injury is that owed to a business invitee. Id.
at 330. The parties do not dispute that Johnson was appellee=s invitee at the
time of the incident.  Thus, appellee
owed Johnson, as appellee=s invitee, a duty to exercise reasonable
care to protect him from dangerous conditions on appellee=s premises known
or discoverable by appellee. Wal-Mart Stores, Inc. v. Gonzalez, 968
S.W.2d 934, 936 (Tex. 1998). This duty is discharged by warning the invitee of unreasonable
risks of harm either known to the owner or which would be known to him by
reasonable inspection or making the premises reasonably safe. McCaughtry,
981 S.W.2d at 330. In order to prevail at a trial, a premises liability
plaintiff must prove the following elements: (1) actual or constructive
knowledge of some condition on the premises by the owner; (2) the condition
posed an unreasonable risk of harm; (3) the owner did not exercise reasonable
care to reduce or eliminate the risk; and (4) the owner=s failure to use
such care proximately caused the plaintiff=s injuries. Gonzalez,
968 S.W.2d at 936.

C. Did the Johnsons Satisfy their Summary Judgment
Burden?

To survive a no-evidence motion for
summary judgment, the non-movant must produce more than a scintilla of evidence
on each of the challenged elements of its claim. Forbes, Inc. v. Granada
Biosciences, Inc., 124 S.W.3d 167, 172 (Tex. 2003). Appellee challenged
only the sufficiency of the evidence as to appellee=s actual or
constructive notice of the existence of the dangerous condition. The Johnsons
can meet their burden of providing evidence of constructive knowledge by
appellee by producing sufficient summary judgment evidence to show that, more
likely than not, the condition existed long enough for appellee to discover it
upon reasonable inspection. See Gonzalez, 968 S.W.2d at 938; Keetch
v. Kroger Co., 845 S.W.2d 262, 265B66 (Tex. 1992).








The Johnsons  produced the following summary judgment
evidence: (1) Johnson was an invitee of appellee; (2) the log at issue was in a
fairly advanced state of decomposition; (3) the log was in an area of tall
grass two to three feet tall that obscured the hole; (4) Johnson was injured
when he stepped off the log and into a hole concealed by the tall grass; (5)
after stepping in the concealed hole, Johnson could not remove his foot from
the hole until his co-workers lifted him up; (6) the log was only two to three
feet from a road on appellee=s facility and
blocked Johnson=s path to the manhole where he was
required to work; (7) Johnson could not go around the log as both ends were
blocked by obstacles; (8) appellee mowed the area where Johnson was injured on
a regular basis; (9) the area was last mowed approximately a month before
Johnson=s injury and
during this last mowing, only eighty percent of the area was mowed; (10) under
appellee=s contract with
the mowing contractor, the mowing contractor was required to notify appellee
when it had completed mowing an area and appellee was required to inspect that
area within seventy-two hours of the contractor=s notice; (11)
with the exception of the area where Johnson was injured, appellee=s facility was
mowed and manicured like a golf course. Applying the summary judgment standard
of reviewing the evidence in the light most favorable to the non-movant and
disregarding all evidence and inferences to the contrary; we hold that the
Johnsons met their burden of producing more than a scintilla of evidence that
it was more likely than not that the dangerous condition created by the
combination of the log, tall grass, and hole, had existed long enough for
appellee to be charged with constructive notice of that dangerous condition.[2]
Because the Johnsons presented summary judgment proof raising a genuine issue
of material fact as to whether appellee had actual or constructive notice of
the dangerous condition on appellee=s premises, we
sustain the Johnsons= first issue.

Conclusion

Having sustained the Johnsons= first issue, we
need not address their remaining issues. 
Accordingly, we reverse the judgment of the trial court and remand this
case to the trial court for further proceedings consistent with this opinion.

 

 

/s/      John S. Anderson

Justice

 

Judgment
rendered and Memorandum Opinion filed May 23, 2006.

Panel
consists of Justices Anderson, Edelman, and Frost.











[1]  When referring
to appellant John Johnson we use AJohnson.@ When referring to appellant, Sherilyn Johnson, we use
her full name. 





[2]  Appellee
argues the dangerous condition at issue was only the hole, and not the combination
of tall grass, rotten log, and hole as alleged by the Johnsons. We disagree
that a dangerous condition cannot be created by a combination of factors such
as those involved in this case. In addition, appellee argues the area where
Johnson was injured was an untraveled area of appellee=s plant with no functional purpose and insinuates that
it was practically a wilderness area. Once again, applying the summary judgment
standard of review, we disagree. The log was in a field that was regularly
mowed in a facility that was manicured like a golf course. Further, the log was
only two to three feet from a road, not in an isolated and remote location. In
addition, the area clearly served a function in as much as Johnson=s injury occurred in close proximity to a manhole
where he was performing services for appellee.