Reversed and Remanded and Memorandum Opinion filed April 5, 2005









Reversed and Remanded and Memorandum Opinion filed
April 5, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00352-CV

____________

 

STANLEY G. MILLER,
D/B/A MOLD ELIMINATORS, Appellant

 

V.

 

NEWTON B.
SCHWARTZ, SR.,
Appellee

 



 

On Appeal from the County
Court At Law No. 2

Galveston County, Texas

Trial Court Cause No. 49,611

 



 

 

M E M O R A N D U M   O P I N I O N

Stanley G. Miller, d/b/a Mold Eliminators,
appeals from the trial court’s order of December 10, 2003 granting summary
judgment in favor of appellee Newton B. Schwartz.  This case arises from an action filed by
appellant seeking a declaration of rights to a check written out to appellant,
appellee, and Paula Harris by Harris’s insurance company.  Harris and her insurance company are no
longer parties to this suit.  We reverse
the summary judgment against appellant and remand the case to the trial court
for further proceedings consistent with this opinion.








Background

At some time prior to 2001, Harris’s
property was allegedly damaged by seismic testing done near her home in
Galveston County.  In January 2001,
Harris contracted with appellee for legal representation in connection with the
damages she (and her husband) allegedly sustained, signing a document entitled
“Power of Attorney in Damage Suit.”  No
suit was ever filed, nor was any legal action taken by appellee in connection
with Harris’s claim.  

In March of 2002, Harris contracted with
appellant for mold-related remediation and reconstruction of her home.  Allegations made over the course of this case
differ as to whether the mold remediation was related to the seismic testing
damage.  As a result of Harris’s
insurance claim for the mold remediation, in July 2002, her insurance company
issued a check in the amount of $18,099.67 made out to Harris, appellant, and
appellee.  It is unclear how appellee’s
name came to be on the check; Harris alleges in an affidavit that an individual
at appellee’s office called the insurance company, and without Harris’s
knowledge or consent, requested that appellee’s name be included on the
check.  Harris endorsed the check to
appellant; appellee, however, refused to sign the check over to appellant.  Appellant then filed this declaratory
judgment action, asking the court to adjudicate each party’s rights to the
check.  

Appellee sought a no‑evidence
summary judgment on the ground that there was no evidence of a contract between
appellant and appellee or between appellant and Harris.  The trial court granted appellee’s motion
without specifying the grounds for its ruling. 
In four issues, appellant claims that the trial court erred in granting
the summary judgment motion because an adequate time for discovery had not
passed; evidence offered raised a genuine issue of material fact; appellee
argued incorrect grounds in his summary judgment motion; and appellee failed to
state the elements of the case in his summary judgment motion.  We reverse. 


 








Analysis

After sufficient time for discovery has
passed, a defendant may file a no‑evidence motion for summary judgment if
there is no evidence of one or more essential elements of a claim or defense on
which an adverse party would have the burden of proof at trial. See Tex. R. Civ. P. 166a(i). In reviewing a
no-evidence summary judgment, we review the evidence in the light most
favorable to the non‑movant and disregard all evidence and inferences to
the contrary. Coastal Conduit & Ditching, Inc. v. Noram Energy Corp.,
29 S.W.3d 282, 284 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  If the trial court does not specify the
grounds for its ruling, we will affirm its ruling if any of the grounds
advanced in the motion has merit.  Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001).  Since the trial court did not specify its
grounds for granting appellee’s motion, we will now consider whether any of the
grounds asserted by appellee support the trial court’s granting of summary
judgment in his favor.  

Contract Between Appellant and Appellee

In his fourth issue, appellant argues that
the trial court erred in granting the summary judgment since, pursuant to his
declaratory judgment pleading, he was not required to prove the existence of a
contract between appellant and appellee. 
We agree.

In his motion for summary judgment,
appellee argued: 

Miller does not
and never has had a contract with Schwartz, Miller does not and never has had
standing to bring a lawsuit against Schwartz based on a Power of Attorney in
Damage Suit which by and between Schwartz and . . . Harris,
and Miller did not and can not [SIC] dispute the evidence provided by Schwartz,
therefore as a matter of law, Schwartz is entitled to summary judgment on all
issues[.]   








We suspect that appellee’s argument regarding standing
relies on Texas law which holds that a person who is neither a signatory to nor
an intended third-party beneficiary of a contract has no standing to sue for
breach of that contract, Holloway v. Atlantic Richfield Co., 970 S.W.2d
641, 644 (Tex. App.—Tyler 1998, no writ); however, appellant did not file his
suit claiming proceeds of the contract between appellee and Harris, or claiming
that any contract between any of the parties was breached.  Appellee’s argument that appellant lacks
standing is therefore inapplicable.

Appellant filed suit seeking a declaration
of rights to a check for $18,099.67, written to Harris by her insurance company
for work done by appellant.  See Tex. Civ. Prac. & Rem. Code Ann. §
37.002–004 (Vernon 2003). He claims ownership interest in the check by virtue
of his contractual relationship with Harris, not appellee.  Therefore, appellant was not required to
prove that a contract existed between him and appellee in order to obtain
declaratory judgment relief.  Appellee
attacked appellant’s cause of action on grounds other than those stated in
appellant’s pleadings; therefore, he is not entitled to summary judgment relief
for appellant’s alleged failure to prove a contract between appellant and
appellee.

Contract Between Appellant and Harris

In his amended no-evidence motion for
summary judgment, appellee also alleged that the contract between appellant and
Paula Harris failed for lack of consideration. 
A no-evidence motion for summary judgment must be granted if the
non-movant does not respond with competent summary judgment evidence that
raises a genuine issue of material fact. 
Dolcefino v. Randolph, 19 S.W.3d 906, 916–17 (Tex. App.—Houston
[14th Dist.] 2000, pet. denied).  If the
non‑movant presents more than a scintilla of evidence on the disputed
element, the granting of a no‑evidence summary judgment is improper. Id.  More than a scintilla of evidence exists
when the evidence rises to the level at which it enables reasonable and fair-minded
people to differ in their conclusions.  Id.
at 917.  

In his response to appellee’s motion,
appellant attached the affidavit of Paula Harris as evidence of the existence
of contracts between Harris and appellant and Harris and appellee.  In the affidavit, Harris stated that a
contract existed between her and appellant; copies of both contracts were
attached to the affidavit.  We find that
this evidence constitutes more than a scintilla of evidence for summary
judgment purposes.  

Appellant’s fourth issue is sustained. 








Because of our disposition, we need not
discuss appellant’s other issues.  We
reverse the judgment of the trial court and remand the case for further
proceedings consistent with this opinion.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed April 5, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.