Affirmed in Part, Reversed and Remanded in Part, and Memorandum Opinion
filed April 17, 2008








Affirmed in
Part, Reversed and Remanded in Part, and Memorandum Opinion filed April 17, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00701-CV

____________

 

SIMULIS, L.L.C., Appellant

 

V.

 

GENERAL ELECTRIC CAPITAL
CORPORATION,
Appellee

 



 

On Appeal from the 270th
District Court

Harris County, Texas

Trial Court Cause No. 2005-37556

 



 

M E M O R A N D U M   O P I N I O N

Appellant Simulis, L.L.C. appeals from the trial court=s grant of summary
judgment in favor of appellee General Electric Capital Corporation (AGE@) on Simulis=s counterclaims 
in GE=s suit to enforce
a promissory note.  In three issues, Simulis claims a fact issue exists on its
promissory estoppel and quantum meruit claims and asserts that GE=s summary judgment
motion was procedurally flawed on the promissory estoppel claim.  We affirm as
to the promissory estoppel claim and reverse and remand as to the quantum
meruit claim. 








Background

GE provides commercial financial services for clients in
forty-seven countries.  Simulis is a software simulation company that provides
virtual simulations for purposes such as industrial training.  In the summer of
2000, GE approached Simulis about forming a strategic alliance.  Several months
later, after GE investigated Simulis and other similar companies, GE invested
$5 million in Simulis in exchange for an ownership interest in the company. 
According to Simulis, GE had assured Simulis that its software could be used
across GE=s industrial divisions and that this strategic alliance
would be a Acompany maker@ for Simulis. 
Simulis then began marketing itself to GE=s divisions. 
Simulis claims that various GE officials promised that it would Areceive business@ from these
industrial divisions, and Simulis continued to develop software models, hire
new employees, and expand its office space Ain anticipation of
the large volume of work that was promised.@

In late 2002, GE provided Simulis with a $100,000
promissory note as bridge financing, and the note required Simulis to start
making interest payments in January 2003.  GE never provided any business to
Simulis, and Simulis stopped making its interest payments in April 2005.  GE
sued Simulis to recover on the note.  GE moved for summary judgment on the
note, and in response, Simulis did not deny liability but asserted an offset
defense and counterclaims for breach of contract, promissory estoppel, and
quantum meruit.  The trial court granted interlocutory summary judgment on the
note, and GE moved for summary judgment on Simulis=s counterclaims
and defenses.  The trial court granted this motion, and Simulis now appeals. 
Simulis does not appeal the summary judgment on the note, its offset defense,
or its breach of contract claim.  This appeal focuses only on Simulis=s promissory
estoppel and quantum meruit claims.

                                                      Analysis








GE=s motion for summary judgment contained
language suggesting both traditional and no evidence grounds.  See Tex. R. Civ. P. 166a(c), (i).  If a
motion does not clearly delineate or segregate its no evidence versus
traditional grounds but is sets forth its grounds and otherwise meets Rule 166a=s requirements, it
is sufficient to raise both traditional and no evidence grounds.  See Binur
v. Jacobo, 135 S.W.3d 646, 651 (Tex. 2004); Sipes v. City of Grapevine,
146 S.W.3d 273, 278 (Tex. App.CFort Worth 2004), rev=d on other grounds, 195 S.W.3d 689
(Tex. 2006).  When a party moves for both traditional and no evidence summary
judgment, we will first review the trial court=s judgment under
the standards for no evidence motions.  See Ford Motor Co. v. Ridgway,
135 S.W.3d 598, 600 (Tex. 2004).

The standard of review for a traditional motion for summary
judgment is whether the successful movant at the trial level carried its burden
of showing that there is no genuine issue of material fact and that judgment
should be granted as a matter of law.  KPMG Peat Marwick v. Harrison County
Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  A defendant must
conclusively negate at least one essential element of each of the plaintiff=s causes of action
or conclusively establish each element of an affirmative defense.  Sci.
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  Under this
traditional standard, this court must take as true all evidence favorable to
the nonmovant and must make all reasonable inferences in the nonmovant=s favor.  See
id.  We review a no evidence summary judgment de novo by construing the
record in the light most favorable to the nonmovant and disregarding all
contrary evidence and inferences.  Merrell Dow Pharms., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997).  A no evidence summary judgment is improperly
granted when the respondent brings forth more than a scintilla of probative
evidence that raises a genuine issue of material fact.  See Tex. R. Civ. P. 166a(i); Coastal
Conduit & Ditching, Inc. v. Noram Energy Corp., 29 S.W.3d 282, 284
(Tex. App.C Houston [14th Dist.] 2000, no pet.).








A.  Promissory Estoppel

1.  GE=s summary judgment
motion was adequate.

In its first issue, Simulis argues that summary judgment
was improper on its promissory estoppel claim under a no evidence theory
because GE did not state the elements of a promissory estoppel claim or state
which element(s) it challenged.  See Cuyler v. Minns, 60 S.W.3d 209, 212
(Tex. App.CHouston [14th Dist.] 2001, pet. denied) (stating
requirements of no evidence summary judgment motion).  We disagree.

The elements of a promissory estoppel claim are a promise,
the promisor foreseeing that the promisee will rely on it, and detrimental
reliance by the promisee.  See English v. Fischer, 660 S.W.2d 521, 524
(Tex. 1983); Sandel v. ATP Oil & Gas Corp., 243 S.W.3d 749, 753
(Tex. App.CHouston [14th Dist.] 2007, no pet.).  GE identified
these elements in the parenthetical to its citation to English, and it
then challenged the first two elements, stating, AA promise to
receive business in the future is not a promise at all.  No promisor would
foresee that the promisee would rely on such a vague promise.@  Though not a
model of summary judgment briefing, GE=s motion is
adequate to qualify as a no evidence summary judgment motion.  See Cmty.
Initiatives, Inc. v. Chase Bank, 153 S.W.3d 270, 279 (Tex. App.CEl Paso 2004, no
pet.) (A[The motion] must
only >state the elements
as to which there is no evidence.=@ (quoting Tex. R. Civ. P. 166a(i))).  We overrule
Simulis=s first issue.

2.  Summary judgment was proper on Simulis=s promissory
estoppel claim.








In its second issue, Simulis asserts that the trial court
erred in granting summary judgment on its promissory estoppel claim.  GE moved
for summary judgment on the theory that a promise to supply future business is
too indefinite to support a promissory estoppel claim.  Simulis argues that a
promise of future business is enforceable.  While a specific, detailed promise
might support a promissory estoppel claim,[1]
relying on a vague, indefinite promise of future business is unreasonable as a
matter of law.  See Allied Vista, Inc. v. Holt, 987 S.W.2d 138, 141B42 (Tex. App.CHouston [14th
Dist.] 1999, pet. denied); Gilmartin v. KVTV-Channel 13, 985 S.W.2d 553,
558B59 (Tex. App.CSan Antonio 1998,
no pet.); Gillum v. Republic Health Corp., 778 S.W.2d 558, 570 (Tex.
App.CDallas 1989, no
pet.); cf. Montgomery County Hosp. Dist. v. Brown, 965 S.W.2d 501, 503
(Tex. 1998) (AOnly when the promises are definite and, thus, of the
sort which may be reasonably or justifiably relied on by the employee, will a
contract claim be viable, not when the employee relies on only vague assurances
that no reasonable person would justifiably rely on.@).  Here, Simulis
presented evidence that GE promised that Simulis would Areceive business@ and that the
volume of business would be a Acompany maker@ for Simulis.  The
parties never discussed or negotiated the specific pieces of business, the
price, when and for how long such transactions would occur, or any other
terms.  Relying on such promises is unreasonable as a matter of law and cannot
be the basis for a promissory estoppel claim.  See Allied Vista,
987 S.W.2d at 140, 142 (holding that promise to supply Awhatever equipment@ was needed to
start a plant with no definite promise of specific items of equipment would not
support promissory estoppel claim); Gillum, 778 S.W.2d at 569B70 (finding that
promises to upgrade hospital equipment, hospital facilities, and level of
patient care were too vague and indefinite to support promissory estoppel
claim).  Thus, the trial court did not err in granting summary judgment on this
claim, and we overrule Simulis=s second issue.

B. 
The trial court erred in granting summary judgment on Simulis=s quantum meruit
claim.








In its third issue, Simulis claims the trial court erred in
granting summary judgment on its quantum meruit claim.  A quantum meruit claim
requires, at a minimum, that the claimant have furnished valuable materials or
services to the party from whom it is seeking recovery.  See Heldenfels
Bros., Inc. v. City of Corpus Christi, 832 S.W.2d 39, 41 (Tex. 1992); Specialty
Retailers, Inc. v. Fuqua, 29 S.W.3d 140, 148 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied).  GE moved for summary judgment solely on the ground
that Simulis had no evidence that GE had received any valuable services from
Simulis.  GE points to an affidavit from Simulis=s chairman of the
board stating that ASimulis never received any business@ from GE and to an
affidavit from a GE assistant vice president stating that GE never received any
benefit from any of Simulis=s sales efforts.  Simulis argues that its
evidence that it spent many years and at least a million dollars developing
software for GE that GE used internally without compensating Simulis creates a
fact issue.  We agree.  Though GE claims it gained no benefit from any of
Simulis=s Asales pitches,@ Simulis=s evidence
describes at least two pieces of software that it developed for GE and how GE
used that software internally without compensating Simulis.  We hold that this
evidence is sufficient to create a fact issue as to whether Simulis provided
valuable materials or services to GE.








Simulis relies on the affidavit of Mark Winter, which it
filed in support of its response to GE=s second summary
judgment motion.  GE claims this affidavit is untimely because it was filed and
served after 5:00 p.m. on the day the response was due.  Thus, argues GE, since
the affidavit was untimely and Simulis did not seek leave to file it, it should
not be considered.  See Benchmark Bank v. Crowder, 919 S.W.2d
657, 663 (Tex. 1996); Brown v. Shores, 77 S.W.3d 884, 886 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  Simulis served the affidavit by fax at 8:34 p.m. and
filed it after hours with the court at 9:29 p.m.  GE is correct that service by
fax after 5:00 p.m. is deemed served the next day.  See Tex. R. Civ. P. 21a.  However, this
rule applies only to service, not to filing with the court.  Harris County
provides an after-hours filing box, and documents may be filed there until
midnight on their due date.  It is only if summary judgment evidence is
untimely filed that we presume the trial court disregarded it.  See Benchmark
Bank, 919 S.W.2d at 663; Brown, 77 S.W.3d at 886.  GE cites no
authority showing that we should disregard timely filed summary judgment
evidence that was served on opposing counsel by fax a few hours after 5:00
p.m.  We conclude the affidavit of Mark Winter is proper summary judgment
evidence and creates a fact issue as to Simulis=s quantum meruit
claim.  We sustain Simulis=s third issue.

                                                   Conclusion

The trial court did not err in granting summary judgment as
to Simulis=s promissory estoppel claim, and we affirm that
portion of the trial court=s judgment.  However, the trial court
erred in granting summary judgment as to Simulis=s quantum meruit claim,
and we reverse that portion of the trial court=s judgment and
remand for further proceedings consistent with this opinion.

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed April 17, 2008.

Panel consists of
Justices Yates, Fowler, and Guzman.









[1]  The cases Simulis cites all involve much more
definite promises than GE made here.  See, e.g., Preload Tech., Inc.
v. A.B.&J. Constr. Co., 696 F.2d 1080, 1082B83, 1085 (5th Cir. 1983) (specific bid proposal); CWTM
Corp. v. AM Gen. LLC, No. Civ.A. H-04-2857, 2005 WL 1923605, at *1, 5 (S.D.
Tex. Aug. 10, 2005) (promise to renew existing contract); >Moore= Burger, Inc. v. Phillips Petroleum Co., 492 S.W.2d 934, 937B38 (Tex. 1972) (fully negotiated lease agreement); Wheeler v. White,
398 S.W.2d 93, 94B95 (Tex. 1965) (promise to make or secure loan for
improvements on specific property); Frost Crushed Stone Co. v. Odell Geer
Constr. Co., 110 S.W.3d 41, 45 (Tex. App.CWaco 2002, no pet.) (promise to supply specific quantity of rock
confirmed with written quote).