Affirmed and Memorandum Opinion filed May 21, 2009








Affirmed and Memorandum Opinion filed May 21, 2009.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00377-CV

_______________

 

THOMAS GONZALES, Appellant

 

v.

 

SERVICES LLOYDS INSURANCE COMPANY, Appellee

                                                                                                                                               


On Appeal from the 152nd District Court

Harris County, Texas

Trial Court Cause No. 2007-39965

                                                                                                                                                

 

M E M O R A N D U M   O P I N I O N

The Division of Workers= Compensation (Athe Division@) determined that appellant, Thomas
Gonzales, was not entitled to workers= compensation benefits.  That
decision was affirmed by a Division appeals panel.  Gonzales petitioned for
judicial review in the Harris County District Court, and the trial court
ultimately granted a no-evidence summary judgment in favor of appellee, Service
Lloyds Insurance Company (Athe Carrier@) that Gonzales now appeals.  We affirm.

Background








Gonzales filed a claim for workers= compensation benefits alleging that
he injured his back when he tripped over extension cords while working for
Watson Grinding and Manufacturing Company, Inc. (AWatson@) on August 23, 2006.  At the time,
Watson was insured for workers= compensation purposes by the Carrier.  

On February 27, 2007, the Division
held a contested case hearing and determined that Gonzales Adid not have a compensable injury@ and Adid not have disability.@  An appeals panel of the Division
affirmed.  On July 3, 2007, Gonzales, acting pro se, filed a petition
for judicial review of the administrative decision with the 152nd District
Court of Harris County. 

On October 22, 2007, the Carrier[1]
filed a no-evidence motion for summary judgment. Gonzales responded by filing
four sets of documents with the trial court that, he contends, demonstrate he
suffered a compensable injury.  Following a hearing on April 4, 2008, the court
granted the Carrier=s motion.  On appeal, Gonzales argues the trial court erred
in granting summary judgment. 

Analysis 

A.  Standard of Review

We review a no-evidence summary
judgment de novo
by construing the record in the light most favorable to the non-movant and
disregarding all contrary evidence and inferences. Merrell Dow Pharms., Inc.
v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).  A no-evidence motion for
summary judgment must be granted if (1) the moving party asserts that there is
no evidence of one or more essential elements of a claim or defense on which
the adverse party would have the burden of proof at trial, and (2) the
respondent produces no summary-judgment evidence raising a genuine issue of
material fact on those elements.  See Tex. R. Civ. P. 166a(i).  A
no-evidence summary judgment is improperly granted when the respondent brings
forth more than a scintilla of probative evidence that raises a genuine issue
of material fact. See id.; Coastal Conduit & Ditching, Inc. v.
Noram Energy Corp., 29 S.W.3d 282, 284 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).








We cannot
differentiate between pro se litigants and those represented by counsel
with regard to compliance with procedural rules.  See Canton-Carter
v. Baylor Coll. of Med., 271 S.W.3d 928, 930 (Tex. App.CHouston [14th
Dist.] 2008, no pet. h.).  Thus, Gonzales was required, as any other litigant,
to comply with Rule 166a by producing competent summary-judgment evidence
sufficient to raise a genuine issue of material fact.  See id.

B.  The Workers= Compensation Act

Under the Workers= Compensation Act,
only injuries occurring Ain the course and scope of employment@ are considered Acompensable
injuries.@  Tex. Lab. Code Ann.
'
401.011(10)(Vernon Supp. 2008).  The Act defines Acourse and scope
of employment@ as Aan activity of any kind or character that
has to do with and originates in the work, business, trade, or profession of
the employer and that is performed by an employee while engaged in or about the
furtherance of the affairs or business of the employer.@  Id. ' 401.011(12).  It
is the claimant=s burden to
establish that an injury occurred in the course and scope
of employment and that the injury produced a total or
partial disability.  Service Lloyds Ins. Co. v. Martin, 855 S.W.2d 816,
820 (Tex. App.CDallas 1993, no writ).

C.  Application

In its motion for summary judgment,
the Carrier asserted that there was no evidence of disability or compensable
injury.  In response, Gonzales had the burden of producing summary-judgment
evidence sufficient to raise a genuine issue of fact as to the challenged
elements.[2]  See Arguelles v.
Kellogg Brown & Root, Inc., 222 S.W.3d 714, 723 (Tex. App.CHouston [14th
Dist.] 2007, no pet.). 
We hold that he failed to carry that burden.








In determining whether Gonzales
raised more than a scintilla of evidence in support of his claim, we are
limited to the summary judgment proof produced in the response.  See DeGrate v.
Executive Imprints, Inc., 261 S.W.3d 402, 408 (Tex. App.CTyler 2008, no
pet.).  Further, when a non-movant presents summary judgment evidence in
response to a no-evidence motion, that party must specifically identify the
supporting proof it seeks to have considered by the trial court.  See id.;
San Saba Energy, L.P. v. Crawford, 171 S.W.3d 323, 330 (Tex. App.CHouston [14th
Dist.] 2005, no pet.). 

Following the Carrier=s motion, Gonzales filed four sets of
documents on four different dates.[3]  However,
Gonzales offered no specific explanation as to how these documents established
the existence of a compensable injury or disability.  General
references to attached documents alone do not relieve the respondent of his
burden to direct the court=s attention to probative evidence.  See
DeGrate, 261 S.W.3d at 408.  Neither this court nor the trial court is
required to wade through a voluminous record to marshal a respondent=s proof for him.  Arredondo
v. Rodriguez, 198 S.W.3d 236, 238 (Tex. App.CSan Antonio 2006,
no pet.) (citing Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 81 (Tex.
1989)). 

Because the documents Gonzales filed
in response to the Carrier=s motion for summary judgment failed to identify specific and
competent summary judgment evidence demonstrating that he suffered a
compensable injury and disability, he did not raise a fact issue sufficient to
defeat the motion.  See id. at 239.  Therefore, we cannot conclude the trial court erred by
granting summary judgment for the Carrier.

Conclusion 

Finding no error in the issue
presented on appeal, we affirm.

 

 

 

/s/        Kent C. Sullivan

Justice

 

Panel consists of Justices Yates,
Guzman, and Sullivan. 









[1]           Gonzales named both Watson and the Carrier
in his original petition.  On October 9, 2007, the District Court granted a
non-suit against Watson, and the case proceeded against the Carrier.





[2]           Gonzales does not contend that he was not
given an adequate time to conduct discovery.  See Tex. R. Civ. P.
166a(i).





[3]           Together, the four sets of documents amount
to approximately seventy-five pages.